NELSON, appellant, v. O'NEAL, respondent.

INJUNCTION—*miners' dam to stop tailings.* It is not an abuse of discretion for a court to refuse to enjoin parties from building a dam upon their mining ground, to prevent tailings from injuring their property.

RIGHT OF MINERS TO CHANNEL OF CREEK FOR WATER AND TAILINGS. Miners are entitled to the free use of the channel of a creek, so that the water will flow from their ground, but they have no right to fill the channel with tailings that will flow down upon the claims of other miners.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts are stated in the opinion of the court.

The judgment appealed from was rendered in the district court, in August, 1870, by SYMES, J.

SHOBER & LOWRY, E. W. TOOLE and G. MAY, for appellant.

It is admitted by the pleadings that respondents were insolvent. The jury found that the erection of the dam higher, as complained of by appellant and threatened by respondents, would interfere with the profitable use and enjoyment of appellant's mining ground. Appellant was entitled to an injunction to restrain respondents from erecting said dam. *Ramsay* v. *Chandler*, 3 Cal. 90.

An injunction is a preventive remedy, and it comports more with justice to both parties to restrain the threatened trespass, than to leave the appellant to his remedy at law, particularly when the respondents admit their insolvency and have no remedy at law. *Slade* v. *Sullivan*, 17 Cal. 102 ; Hill. on Inj., ch. 1, §§ 1, 5, 7, 14, 31.

Appellant's mining operations will be interfered with, if respondents are not enjoined. Respondents have shown no right to trespass on appellant's ground.

W. F. SANDERS, for respondents.

Respondents own the ground on which the dam was erected and debris arrested. Respondents threatened to

raise their dam higher to stop a trespass of appellant. They could compel appellant to stop this trespass on his own ground. The pleadings and findings do not show who has priority of right in mining. Appellant cannot have judgment, until the questions relating to the right of respondents to flow back on appellant's ground, debris, tailings, etc., which appellant is wrongfully attempting to flow on respondents, are settled in favor of appellant. *Logan v. Driscoll,* 19 Cal. 623; Am. Law Reg. 1867, 1868, p. 698.

Parties must care for their own tailings on their own ground. Respondents could crib those of appellant on his own ground, but the jury find that respondents cribbed them on their own. A mere threat to commit a trespass, without an overt act, does not justify an injunction.

KNOWLES, J. This is an action of trespass, brought by appellant for damages for an alleged entry upon his mining ground, and erecting a dam thereon, which stopped tailings upon the said mining ground, and alleging that the respondents threatened to continue the injury, and to erect the said dam higher, and asking for an injunction to restrain them from the commission of these wrongs. Respondents deny that appellant owns the mining ground described; admit erecting the dam and the intention to erect it higher, and aver that the dam is on their own ground, and that the same was erected to prevent appellant from running their tailings down upon their ground.

The jury, in their special findings, determine that appellant does not own the mining ground upon which the dam was erected; that respondents had not interfered with the mining rights of appellant by the erection of the dam in question. They also find that the erection of the dam higher will interfere with the profitable mining operations of appellant. Upon this last finding, appellant asked an injunction of the court below, which was refused. This is assigned as error.

It appears, from the complaint of appellant, that the tailings which the dam of respondents prevented from flowing

down, were tailings from appellant's mining ground. The granting or refusing an injunction was discretionary with the court below. We do not think it was an abuse of discretion in refusing an injunction to restrain the respondents from building a dam on their own ground, so as to prevent appellant from committing an injury upon the same. Appellant would be entitled to the free use of the channel of the creek, to allow the water which came down from above to flow away from his mining ground, but he had no right to fill the channel of the creek with tailings and debris, and let it flow down upon respondent's ground.

Order of the court below affirmed, with costs.

*Judgment affirmed.*