KLEIN ET AL., APPELLANTS, v. DAVIS ET AL., RE-
SPONDENTS.

[Argued August 3, 1891. Decided August 31, 1891.]

INJUNCTION—*Dissolution.*—It is not an abuse of discretion for the trial judge, who has personally examined the premises, to discharge on motion a temporary injunction restraining the completion of a work which had been prosecuted for a year and a half with the knowledge of plaintiffs and without previous objection, where less than four per cent of the work remained to be completed, and all allegations of damage were denied in the affidavits of defendants made in support of the motion. (*Blue Bird Min. Co. v. Murray,* 9 Mont. 475, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Action for damages and injunction. Temporary restraining order dissolved by BUCK, J. Order affirmed.

Statement of the case by the judge delivering the opinion.

On the complaint filed, the plaintiffs obtained from the judge of the District Court a temporary restraining order. The

defendants moved to discharge the order, on affidavits by them filed, and on the complaint. The order was discharged, from which plaintiffs appeal to this court.

It appears from the complaint that the plaintiffs are the owners of certain premises lying in a gulch, which, for convenience of designation, will be called the "dumping ground." It is described by metes and bounds. That about April 15, 1891, defendants entered upon said ground, and commenced to excavate and tear up the soil, and wash out the gold therein contained, and convert the same to their own use, and proceeded to tear out a retaining dam of plaintiffs, and to run down *debris* and mining tailings upon said ground (the dumping ground so above designated), to the damage of plaintiffs in two thousand dollars; and have extracted gold-dust therefrom of the value of three thousand dollars, the property of plaintiffs. The prayer is for damages and injunction. Upon this complaint alone application was made to the district judge for a temporary restraining order, which was granted.

On the motion to dissolve the order, the defendants filed affidavits. These affidavits fully deny that defendants have torn out any retaining dam of plaintiffs; deny that defendants have taken any of the gold in the ground or converted the same to their own use; and, in fact, deny all the equities set up by plaintiffs, except in the matter more fully set out below. The judge of the District Court, at the request of the parties, and accompanied by a representative of each side of the litigation, went upon the ground, and made a personal examination of the same in the presence of such representatives.

It further appears from the affidavits of defendants, and we state only that which is fully conceded by all parties, and omit all in regard to which there is any controversy, that the defendants own another piece of ground, south of the dumping ground, and up the gulch therefrom, and adjoining the same. This latter piece we will designate as the mining ground. The title to the mining ground and the easement in the dumping ground (below described) came to defendants by mesue conveyances from the same source. The mining ground was described in the first conveyance as "the following described placer mining claim, situated," etc.; describing it by metes and bounds. From the

same source of title came to the defendants an easement on the dumping ground. That easement is described as "a right of dumping tailings from the above-described ground [the mining ground] upon that portion of said lot 74 ["describing the ground, which we designate as the dumping ground"], the said parties of the first part covenanting and agreeing not to interfere with the said party of the second part in his exclusive right of dumping tailings," etc. This description of the easement is that contained in the first deed in the chain of title which ends in the defendants. Plaintiffs claim that the easement purports to be enlarged in one of the subsequent mesne conveyances. But that will not be noticed. We will take the description of the easement as originally granted, in regard to which there is no controversy that it came to defendants. It is also shown by defendants' affidavits that they and their predecessors had the same easement by prescription for thirteen years.

As to the alleged trespasses, which plaintiffs desire to restrain, it is shown that, in order to fully use the right to convey tailings upon plaintiffs' said land, it was necessary to sink a flume upon the ground; and that defendants commenced such work in April, 1890, and since then have been engaged in sinking a trench for such flume, and had dug it for a distance of seven hundred and fifty feet, at an expense of one thousand five hundred dollars, from the lower part of the dumping ground up to within twenty-eight feet of the mining ground; that the plaintiffs had full knowledge of said operations, and never objected thereto, or disputed defendants' rights, until they reached the point twenty-eight feet from the mining ground, and this action was commenced.

It is conceded that plaintiffs own the dumping ground, and that defendants own the easement thereon; that defendants' estate in the premises is the dominant one, and plaintiffs' the servient. There is no denial of the allegation that it is necessary to place a flume upon the dumping ground, in order to fully exercise the right of dumping the tailings.

*Comly & Foote*, for Appellants.

*B. P. Carpenter*, for Respondents.

DE WITT, J. — An important question has been presented by counsel; that is to say, whether the right to dump tailings being granted to defendants, such grant included the right to run a bed-rock flume across the dumping ground; such flume, it being claimed by defendants, was necessary to the exercise of the right to dump tailings. This question is interesting, and largely the gist of the case, and, as it seems to us, should be determined upon a full investigation of the facts, and the nature, character, and proposed uses of the flume. This could be done upon a trial. The matter is now before us only on the complaint and affidavits, on an appeal from an order dissolving a temporary injunction.

Aside from the point just referred to, we find that all of plaintiffs' alleged equities are denied by the defendants' affidavits.

The question of law that we have noticed, we do not feel impelled to investigate at this stage of the case, as it is before us upon a pleading and affidavits only, which are, each in itself, *ex parte* in character; and the allegations are not subjected to cross-examination, which would bring out all the facts as upon a trial. It occurs to us that a clear and full knowledge of the facts in relation to the flume would greatly aid a court in finally determining whether its proposed use was within the grant of the easement to dump tailings. We leave that matter for the investigation of the lower court, for the reason that the question of the dissolution of the temporary injunction can be decided upon other grounds.

The proposed flume was a considerable enterprise. It extended seven hundred and fifty feet. It had been in construction for a year and a half. Only twenty-eight feet remained to be built. Plaintiffs stood by for a year and a half, and offered no objection to the prosecution of the work, until only three or four per cent of the whole remained to be done, and they then concluded that irreparable injury was about to be done them by the completion of these twenty-eight feet. An injunction would not apply to the past work. It was only a matter of restraining the completion of a few feet of a large work. It is noticed above that all the allegations as to taking out gold and tearing down the dam are denied. Therefore, the only question is

whether the district judge abused his discretion in dissolving the temporary injunction as to completing the twenty-eight feet of flume.   The judge went upon the premises and made a personal examination.   "The granting or refusing of an injunction is a matter of discretion in the court below."   (*Blue Bird Min. Co.* v. *Murray,* 9 Mont. 475, citing the early cases of *Nelson* v. *O'Neal,* 1 Mont. 284, and *Atchinson* v. *Peterson,* 1 Mont. 561.)

We are of opinion that there was no abuse of discretion by the district judge, and his order dissolving the injunction is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.

