COTTER, Appellant, *v.* COTTER et al., Respondents.

[Submitted April 8, 1895.  Decided April 15, 1895.]

INJUNCTION—*Discretion in granting or refusing.*—The granting or refusing of an injunction is a matter of discretion in the court, dependent upon the facts of the particular case. (*Blue Bird Mining Co.* v. *Murray*, 9 Mont. 468; *Klein* v. *Davis*, 11 Mont. 155. cited.)

SAME—*Dissolution of temporary injunction.*—In an action for an accounting, and for the cancellation of certain deeds to real estate, the plaintiff also asked for a temporary injunction, which the court issued on the filing of the complaint. One of the defendants filed an answer denying all the allegations of the complaint, and alleging that the plaintiff had no interest in any of the property mentioned therein. The other defendants demurred to the complaint, and the plaintiff filed no replication to the new and affirmative matter set up in the answer. Upon the hearing of a motion to dissolve the temporary injunction, the court had before it the complaint and answer, both verified. *Held*, there was no abuse of discretion on the part of the court in ordering a dissolution of the temporary injunction.

RECEIVER—*Nonappealable order.*—An order of the court refusing to appoint a receiver is not appealable. (*Wilson* v. *Davis*, 1 Mont. 98; *Stebbins* v. *Savage*, 5 Mont. 253, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for an accounting. Judgment was rendered for the defendant below by SPEER, J. Affirmed.

*Waldron & Campbell* and *Shropshire & Burleigh*, for Appellant.

PEMBERTON, C. J.—This is an action for an accounting, and for the cancellation of certain deeds to real estate. The plaintiff also asks for an injunction restraining the defendants from transferring or disposing of the property mentioned in the complaint, and for the appointment of a receiver *pendente lite*.

On the filing of the complaint the court issued a temporary restraining order. The defendant Julia Cotter filed her answer, denying all the allegations of the complaint, and containing affirmative allegations showing plaintiff had no interest in any of the property mentioned in the complaint. The Laytons demurred to the complaint. Plaintiff filed no replication to the new and affirmative matter contained in the answer of Julia Cotter.

Upon a hearing to show cause why a receiver should not be appointed, and upon a motion to dissolve the temporary restraining order which had been issued in the cause, the court refused to appoint a receiver, and dissolved said temporary restraining order. From this action of the court the plaintiff appeals.

The order of the court refusing to appoint a receiver is not appealable. (Code Civ. Proc. § 444; *Wilson* v. *Davis*, 1 Mont. 98; *Stebbins* v. *Savage*, 5 Mont. 253.)

There were no affidavits filed or proofs taken in support of the application for an injunction. In refusing to issue an injunction, or ordering the dissolution of the temporary restraining order, the court had before it the complaint and answer, both verified. Acting upon these pleadings alone, which were doubtless treated as the affidavits of the respective parties, we are unable to discover any abuse of discretion on the part of the court in the action complained of in this particular. The granting or refusing of an injunction is a matter of discretion in the court, dependent upon the facts of the case. (See *Blue Bird Mining Co.* v. *Murray*, 9 Mont. 468 and cases cited; *Klein* v. *Davis*, 11 Mont. 155.)

There being no error shown in the action of the court below, the judgment is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.