MALONEY ET AL., RESPONDENTS, *v.* KING ET AL., APPELLANTS.

(No. 1,584.)

(Submitted February 5, 1901. Decided April .1, 1901.)

*Appeal—Specified Errors—Waiver—Mines—Adjoining Mining Claims—Extralateral Rights—Presumption—Injunction—Practice—Burden of Proof—Evidence—Discretion.*

1. Where errors specified were not argued or referred to in the brief on appeal, they are waived.

2. Where, during the examination of a witness for defendants on an application for an injunction, the judge remarked that an injunction *pendente lite* would be granted on the evidence then before the court, such action does not constitute reversible error, he having heard the whole case before finally deciding that such injunction should issue.

3. Unless it clearly appears from a consideration of all the evidence that the court *a quo* abused its discretion in granting an injunction *ad litem* its order must, on appeal, be affirmed.

4. In action by the owners of a mining claim to restrain the removal of ore by defendants, who owned an adjoining claim, and had entered by under-

ground workings on plaintiffs' claim, the burden was on defendants to show that the vein they were mining in plaintiffs' claim had its apex in their claim.

5. Where, in an action by the owners of a mining claim to restrain the removal of ore by defendants, who owned an adjoining claim, and had entered by underground workings on plaintiffs' claim, there was much evidence that the apex of the vein was in defendants' claim, but there was some evidence to the contrary, and the development had not progressed far enough to identify the vein in defendants' claim with that in plaintiffs' claim, nor to show with certainty the location of the apex of the vein in controversy. *Held*, that though on paper the case made by the plaintiffs may not appear to be strong, yet the Supreme Court on appeal would not declare that the lower court had abused its discretion in granting a temporary injunction on such evidence.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by James E. Maloney and others against Silas F. King and Wakeman Sutton, impleaded with Marcus Daly and others. From an order granting an interlocutory injunction, defendants King and Sutton appeal. Affirmed.

*Messrs. McBride & McBride* and *Mr. E. N. Harwood,* for Appellants.

*Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This is an appeal by the defendants King and Sutton from an order granting an interlocutory injunction.

The Plymouth lode mining claim is owned by the plaintiffs. Title to the Silver King lode mining claim is in the defendants Daly, Murray, and King. The Plymouth adjoins the Silver King on the south. The plaintiffs commenced an action against the defendants by which they seek to recover a judgment for $150,000, the value of ores alleged to have been mined, extracted and converted by the defendants from the Plymouth claim, and to obtain an injunction restraining them from entering upon that part of the Plymouth which lies west of a vertical plane passing through a point on the north side line of the

claim 405 feet distant from the northeast corner of the claim, the plane extending south seven degrees west across and vertically downward through the Plymouth claim; and from mining, carrying away, or converting to their own use the ores and minerals therein. The defendants deny that they have entered into the Plymouth claim, or have mined, carried away or converted any minerals or ores therefrom, and aver that the defendants Daly, Murray and King are the owners of the Silver King claim in which there is a vein the apex whereof is wholly within the exterior boundaries of the claim; that the end lines are parallel; that the defendants followed the lead upon its dip to the southward and within the vertical planes of the end lines of the Silver King claim continued in their own direction; that these acts of the defendants constitute the alleged acts of trespass of which the plaintiffs complain; that the defendants are the owners of the vein throughout its entire depth between the vertical planes of the end lines of the Silver King claim extended downward and continued in their own direction, —in other words, the defendants aver that they possess extralateral rights as against the plaintiffs. An order was issued to show cause why an interlocutory injunction should not be granted. After a hearing, the court, on the 31st day of May, 1900, granted an injunction order as prayed for, and from that order the present appeal has been taken.

The specifications of error are seven in number, but the only one which is argued or elsewhere referred to in the brief relates to the question whether the evidence was sufficient to justify the making of the order; the other supposed errors, although specified, must therefore be deemed to have been waived. They will not be considered.

The contention of the plaintiffs is, in substance, that the vein on which the defendants were mining in the Plymouth has its apex in that claim, and that if the apex is in the Silver King the vein on its strike crosses both side lines of the last-named claim, in which event—the side lines becoming the end lines— the right to follow the vein on the dip is limited to an area

bounded by the vertical planes of the side end lines projected in their own direction. The chief contention of the plaintiffs is that the vein in the Plymouth claim on which the defendants were working is a different vein from the one which the defendants insist has its apex in the Silver King claim. The defendants contend, on the other hand, that in mining the vein within the surface boundaries of the Plymouth they have followed on its dip a vein apexing in the Silver King.

During the examination of a witness for the defendants the judge presiding remarked that an injunction *pendente lite* would be granted upon the evidence which was then before the court, saying, among other things, to counsel for the defendants: "But, if you want to get evidence here to appeal or to have it reviewed, you can do so, but I shall issue the injunction on the testimony that has been given here, for the reason, as I tell you, that I have been doing it in all of these cases, and it is my duty to do it. The supreme court has affirmed these decisions." The defendants were then permitted to introduce their evidence. Judges should endeavor to avoid reaching or announcing conclusions in contested cases before hearing both parties. This is obvious. The course pursused by the judge below was extraordinary, for without hearing what further evidence the defendants might desire and be able to present, he announced his intention to grant the order prayed for. He could not judicially know whether the injunction order ought to be granted until the evidence of the defendants as well as that of the plaintiffs had been heard by him. This is also manifest. The court, however, heard all the evidence offered by the defendants and, as must be presumed, considered it. The fact that the judge prematurely or in advance announced his intention to exercise his legal discretion in a particular way upon evidence, to him seemingly sufficient, then before the court, does not constitute reversible error when he or the court (as the case may be) hears the whole case and then decides. In the absence of a showing to the contrary, the presumption must be indulged that the evidence was not rejected but was con-

sidered and had its due weight. Although the judge remarked,. before the close of the evidence, that an injunction *ad litem* would be granted, the order of the court may nevertheless have been correct. Unless it clearly appears from a consideration of all the evidence that the court *a quo* abused its discretion in making it, the order appealed from must be affirmed. There was evidence tending to prove that the defendants through underground workings from the Silver King claim had entered into the Plymouth claim, had mined therein, had removed ore therefrom, and were threatening the continuance of such acts. The plaintiffs are the owners of the Plymouth, and as such they are, *prima facie,* entitled to everything beneath the surface of their claim; they may assert this *prima facie* title to prevent intrusion by those who do not show that they possess the right to enter. (*Parrot Silver & Copper Co.* v. *Heinze,* 25 Mont. 139, 64 Pac. 326.) In the present case as soon as it was proved or admitted that the plaintiffs owned the Plymouth claim and that the defendants were mining within the vertical planes of its surface boundaries and removing ore therefrom, and intended to continue doing so, the necessity arose for the defendants, if they would rebut or weaken the presumption arising from plaintiffs' ownership, to show, or introduce evidence from which it might be inferred, that they were proceeding by virtue of some right which they had, and to that extent at least the burden was upon them to adduce evidence tending to prove that the vein which they were mining within the vertical bounding planes of the Plymouth claim has its apex in the Silver King claim,—on the final trial, however, the burden would doubtless be upon the defendants to establish by the preponderance of the evidence that the apex is in their claim. Having entered within the boundary lines of plaintiffs' mining claim the defendants were, *prima facie,* trespassers. Although there was much evidence tending to show that the apex of the vein is in the Silver King claim, there was some evidence tending to prove the contrary. While we do not decide that the evidence in behalf of the plaintiffs would be sufficient to support a per-

petual injunction granted after a trial of the case upon its merits, we are of the opinion that, under the circumstances, the evidence was enough, for aught that the printed record discloses, to authorize the district court in its discretion to grant an injunction order *pendente lite,* even if the contention of the defendants that certain affidavits were without probative force or weight be conceded. From testimony which the court presumably believed it seems that at the time the hearing on the order to show cause took place the development had not progressed far enough to demonstrate the identity of the vein in the Silver King with the vein in the Plymouth, nor to show with certainty the location of the apex of the vein in controversy. It may not be held by this Court that the evidence upon which an inferior court granted a temporary injunction against the mining and removal of ores or valuable mineral deposits was insufficient with respect to proof of title, unless it appear that the party obtaining the injunction has failed to establish a reasonable ground for the assertion of title by him. (*Boyd v. Desrozier,* 20 Mont. 444, 52 Pac. 53; *Parrot Silver & Copper Co.* v. *Heinze, supra,* and cases cited.) Repeated perusals and careful consideration of the evidence as certified satisfies us that we should not declare the lower court to have abused its discretion in granting a temporary injunction, even though, on paper, the case made by the plaintiffs may not impress us as being strong.

Let the order be affirmed. *Remittitur* forthwith.

*Affirmed.*