## CRAVER, APPELLANT, *v.* STAPP, RESPONDENT.

(No. 1,700.)

(Submitted January 27, 1902. Decided February 24, 1902.)

*Interlocutory Injunction—Dissolution — Appeal—Evidence— Sufficiency.*

Evidence on which a temporary injunction is dissolved will be held sufficient to sustain the order of dissolution on appeal, where no abuse of discretion is shown, even though it would not authorize a denial on final hearing of the relief demanded in the bill.

*Appeal from District Court, Beaverhead County; M. H. Parker, Judge.*

INJUNCTION by Flora E. Craver against I. B. Stapp. From an order dissolving an interlocutory injunction, the plaintiff appeals. Affirmed.

*Mr. John G. Willis* and *Mr. Edwin Morris,* for Appellant.

Subdivision II, Sec. 871, Code of Civil Procedure, provides for the granting and issuance of an injunction where great or irreparable injury would result. It might be argued that the acts of the respondent were only trespasses and an action at law would be the proper remedy. Trespasses, where frequent, wanton or continued, will be restrained where the injury is great or irreparable, or the defendant is insolvent. (*Lee* v. *Watson,* 15 Mont. 228; *Derry* v. *Ross,* 5 Colo. 295; *West* v. *Smith,* 52 Cal. 322; *Long* v. *Casebeer,* 28 Kan. 226.)

Injunction will lie to restrain the removal of the plaintiff's crop by an insolvent defendant. (*Lee* v. *Watson, supra; Hicks* v. *Compton,* 18 Cal. 206; *West* v. *Smith,* 52 Cal. 322, *supra; Rohrer* v. *Babcock,* 114 Cal. 126.)

Some of the older decisions go to the extent of holding that so long as a plaintiff has any remedy at law whatever, no recourse can be had to equity. Such is not the effect of the later

decisions. (*Staples* v. *Rossi et al.,* 65 Pac. Rep. 67; *King* v. *Stewart,* 84 Fed. 546; *King* v. *Campbell,* 85 Fed. 814; *Watson* v. *Sutherland,* 5 Wall. 74.)

Where the injury to the defendant from the temporary injunction would be less than the injury to the plaintiff, should the plaintiff succeed, the injunction should be granted. (*Gilpin* v. *Mining Co.,* 23 Pac. Rep. 547; *Staples* v. *Rossi, supra.*)

*Mr. W. S. Barbour* and *Messrs. Pemberton & Maury,* for Respondent.

Where there is a conflict of evidence, the granting or dissolving of an injunction, being so much in the discretion of the lower court, the supreme court will never disturb its action. (*Heinze* v. *B. & M. Company,* 20 Mont. 531; *Red Mountain M. Co.* v. *Esler,* 18 Mont. 176; *Anaconda C. M. Company* v. *B. & B. M. Company,* 17 Mont. 521; *Cotter* v. *Cotter,* 16 Mont. 63; *Boyd* v. *Desrozier,* 20 Mont. 449; *Combers* v. *Lowry,* 21 Mont. 481, and numberless other cases of the supreme court of Montana.)

The granting or dissolving of an injunction is so largely within the discretion of the lower court, that the supreme court will never disturb its action, unless there has been a manifest abuse of discretion. (*Heinze* v. *B. & M. Company,* 20 Mont. 531, and cases there cited.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

On June 12, 1901, upon the verified complaint on file in the action, the judge at chambers made an interlocutory injunction order restraining the defendant from interfering with land upon which the plaintiff alleged she had entered under the Desert Land Act of Congress, and from occupying or using it, and requiring the defendant to remain away from the land. On the 27th day of June the defendant moved the court to dissolve the injunction. The hearing was had on the complaint, answer, and affidavits. On July 9 the judge below ordered the

injunction dissolved, and the plaintiff has appealed from the order of dissolution.

It is argued by the defendant that the complaint does not state facts sufficient to warrant the granting of the injunction, but that if it does, the evidence received upon the hearing was sufficient to justify the order of dissolution. We shall not consider the question of the sufficiency of the complaint to support the interposition of equity by way of injunction process, for on the present appeal we need go no further than to inquire whether, upon the evidence received at the hearing, the judge manifestly abused his discretion in dissolving the order of June 12. It does not so appear, and upon the authority of the numerous cases to that effect decided by this court, the order appealed from must be affirmed.

We do not decide whether the evidence would, if received on a trial of the merits, be sufficient to support a perpetual injunction or to defeat the plaintiff. No opinion is intimated upon this question. That which suffices to sustain an interlocutory injunction or to justify its dissolution, does not always suffice upon a final trial of the issues. (*Maloney* v. *King,* 25 Mont. 188, 64 Pac. Rep. 351.)

The order is affirmed.

*Affirmed.*