MALONEY ET AL., RESPONDENTS, *v.* KING ET AL., APPELLANTS.

(No. 1,812.)

Submitted January 10, 1903.   Decided February 10, 1903.)

*Mines and Mining—Ore Bodies—Title—Injunction Pending Appeal.*

1.  Where, in an action to determine the ownership of certain ore bodies lying east of a particular line, it was undisputed that plaintiffs were the owners of the surface of that portion of the claim lying east of the line, and were, therefore, *prima facie* owners of all ore bodies within the planes of its boundaries, defendant was not entitled to an injunction pending appeal from a judgment in favor of plaintiffs to restrain them from working the veins on proof that the amount removed amounted to about 160 tons, valued at $16,000, which was controverted by plaintiffs' verified answer and affidavits, in which it appeared that only a small quantity of ore had been taken out, valued at $190, and the only work done was development and exploration work necessary for plaintiffs to prepare for trial of another case.
2.  The undisputed owners of the surface of a lode mining claim are *prima facie* the owners of all ore bodies found within the planes of its boundaries.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by James H. Maloney and others against Silas F. King and others to determine the ownership of certain ore bodies. From a judgment in favor of plaintiffs, defendants appeal. On motion for an injunction pending appeal. Denied.

*Messrs. McBride & McBride,* for Appellants.

*Mr. C. P. Drennen,* and *Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Silver Bow county by Maloney *et al.,* owners of the Plymouth lode mining claim, against the defendants King *et al.,* owners and lessees of the Silver King lode mining claim, to determine the ownership of certain ore bodies lying east of the line known as the "injunction line," and within the planes of the boundaries of the Plymouth claim, but the apex of the vein in which such ore bodies are found is claimed by the owners of the Silver King to be within that claim. The result of the trial in the district court was in favor of the plaintiffs. From the judgment and an order denying defendants' motion for a new trial, they appealed, and that appeal is now pending in this court.

The transcript on appeal was filed here on October 17, 1902. On November 18, 1902, an application was made to this court for an injunction pending the appeal, by which it is sought to restrain the plaintiffs and their lessees from entering upon, mining, or doing any work or acts whatsoever in or upon that portion of ground in dispute. The application is made upon the verified petition of Silas F. King, the affidavit of Wakeman Sutton, and oral testimony of Sutton, introduced at the hearing; all of which is to the effect that since April 5, 1902, the plaintiffs have removed about 160 tons of ore, of the value of about $16,000; that from June 10, 1902, to November 13, 1902, no work was done; that on November 13th a six-horse load of ore was taken out, and on December 20th another load of about 10 tons was taken out and shipped.

The application is opposed by the verified answer of C. P. Drennan, one of the plaintiffs, and the affidavit of John Allen, the lessee of the Plymouth claim; and these are to the effect that

not to exceed $4,800 worth of ore has been taken from the ground in dispute since the rendition of the decree in the case,—April 5, 1902; that since June 10, 1902, only a small quantity of ore, amounting in value to about $190, has been taken therefrom; that all the work being done on such disputed ground is development work and exploration necessary to enable plaintiffs to prepare for the trial of another case involving another portion of the Plymouth claim; and that at least a portion of this work is not upon the particular vein claimed by the defendants.

Upon this record this court is asked to issue an injunction which would have the effect of preventing any work whatever being done pending the appeal.

This court decided in *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, that it has the power to issue such an injunction; but the mere fact that it has such power is not sufficient reason to justify its exercise upon every application which may be made. On the contrary, we regard it as an extraordinary power, to be exercised only in extraordinary cases. In *Finlen* v. *Heinze,* above, the undisputed facts before this court were that very valuable ores to the extent of 400 tons per day were being taken out, and that, as the cause could not be heard on its merits for about two years if taken up in its regular order, in the very nature of things the mine by that time would be greatly exhausted, and the value greatly diminished. Considering these facts, and the further very important fact that the title to the entire Minnie Healy claim was in dispute in that cause, and that an examination of the record showed that the questions involved are important and doubtful, this court deemed the exigency of the case sufficient to warrant it in issuing an injunction pending the appeal.

In this case the plaintiffs, being the undisputed owners of the surface of that portion of the Plymouth lying east of the injunction line, are *prima facie* the owners of all ore bodies found within the planes of its boundaries (*Maloney* v. *King,* 25 Mont. 188, 64 Pac. 351; *Parrot Silver & Copper Co.* v. *Heinze,* 25 Mont. 139, 64 Pac. 326, 53 L. R. A. 491, 87 Am.

St. Rep. 386), while the defendants are merely seeking to establish extralateral rights to ore bodies found in that portion of the claim. For whatever trespasses were committed before this court acquired jurisdiction of the case on appeal, no relief can be afforded on this application. If the statements made in the affidavits and oral testimony offered on behalf of defendants on this application were not denied, but taken to be true, still we do not consider that a sufficient showing has been made to warrant this court in exercising its extraordinary power and granting the relief prayed for. We may say, however, that the testimony with reference to the extent of the work being done and threatened to be done at the time this application was made is conflicting, and this would furnish an additional reason, if any was necessary, why this application should be refused. However, in order that defendants may not deem themselves foreclosed from seeking this relief should the plaintiffs at any time hereafter, pending this appeal, manifest an intention to so prosecute their work on the ore bodies in dispute that the necessary result thereof would be to mine out the ground and greatly diminish its value, the application prayed for will be denied, with leave to these defendants to renew this application should the circumstances hereafter justify it.

*Denied.*