## COLUSA PARROT MINING & SMELTING COMPANY, Appellant, *v.* BARNARD et al., Respondents.

(No. 1,786.)

(Submitted April 2, 1903.  Decided April 11, 1903.)

*Injunction Pendente Lite—Refusal — Appeal—Admission of Incompetent Evidence—Cross-Examination — Presumptions —Costs.*

1.   Upon an appeal from an order refusing an injunction *pendente lite,* the principal question for consideration is whether, upon the evidence introduced at the hearing, the court below manifestly abused its discretion in refusing the injunction.
2.   An admission of incompetent evidence on the hearing of a motion for an injunction *pendente lite* is not ground for reversal in view of the presumption that the court acted only on the competent evidence adduced.
3.   In view of the presumption that the court below did not consider incompe-

tent testimony in refusing an injunction *pendente lite,* improper cross-examination of plaintiff's witnesses is not ground for reversal, no injury having been shown.

4. The power to allow costs is purely statutory, and unless some statutory authority exists for their allowance, an allowance thereof is erroneous.

5. An allowance to defendant, on the refusal of a motion for an injunction *pendente lite,* of "all costs," is erroneous.

6. Evidence sufficient to authorize a preliminary injunction or its refusal, is not necessarily sufficient to maintain a like decision upon the final trial on the merits.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by the Colusa Parrot Mining & Smelting Company against A. W. Barnard and others. From an order refusing an injunction *pendente lite,* plaintiff appeals. Modified.

*Messrs. Roote & Clark,* and *Mr. Walter M. Bickford,* for Appellant.

The deed of a corporation, signed by its proper officers and having the seal of the corporation, is admissible in evidence without further proof. (*Crescent City, etc., Co.* v. *Simpson,* 77 Cal. 286; *Bliss* v. *Kaweah C. & I. Co.,* 65 Cal. 502; *Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543; *Underhill* v. *Santa Barbara, etc., Co.,* 93 Cal. 300.)

The exclusion of proper evidence is error, which must result in the reversal of the order of the court refusing to grant the injunction. (*Bennett Bros.* v. *Congdon,* 20 Mont. 208.)

The source of a stream cannot be interfered with. The springs which supply its waters, or the tributaries which conduct portions of the same, are a part of the stream, and their waters before reaching the stream as much a part of it as after the same have commingled with its waters. (*Strickler* v. *City of Colorado Springs,* 26 Pac. 313; *Ely* v. *Ferguson,* 27 Pac. 587; *Brown* v. *Ashley,* 16 Nev. 317; *Cross* v. *Kitts,* 69 Cal. 217; *Barneich* v. *Mercy et al.,* 68 Pac. 589.)

If the testimony in the case established that an appropriation or location and use of the waters of Silver Bow and Black Tail Deer creeks was made for the purpose of the reduction plant,

then the plaintiff was entitled to use sufficient water to operate it at any time, although the amount necessary at a later period was greater than the amount at an earlier period by reason of the enlargement of the works, provided, of course, that not more than one thousand inches claimed was used or being used by the plaintiff. (*McDonald* v. *Lannen,* 19 Mont. 78; *Salazer* v. *Smart,* 12 Mont. 395; *Murray* v. *Tingley,* 20 Mont. 260.)

Even if the defendants had a riparian right in the waters of Black Tail Deer creek, which they have not, they could not be permitted to dam and reservoir the water. (*Ferria* v. *Knipe,* 28 Cal. 340; *Barneich* v. *Mercy et al.,* 68 Pac. 589.)

The Parrot Silver & Copper Company is a corporation. Its manager had no right or authority to make a verbal lease, or any other kind, without being vested with special delegated authority from the company therefor. (*Butte & Boston Con. Mining Co.* v. *Montana Ore Purchasing Co.,* 21 Mont. 539.)

The appellant has the right to the use of 300 inches of water, the same being necessary for the operation of its reduction plant as it now exists. (*McDonald* v. *Lannen,* 19 Mont. 78; *Salazar* v. *Smart,* 12 Mont. 395; *Murray* v. *Tingley,* 20 Mont. 260.)

Girton and his successors in interest, the respondents herein, have no right by virtue of any claim of appropriation of use of the water for irrigation purposes to any water beyond the water that was used or necessary for use for irrigating purposes on the Girton homestead. (*Power et al.* v. *Switzer,* 21 Mont. 523; *Toohey* v. *Campbell,* 24 Mont. 17.)

The change in use by the respondents deprives the appellant of its right to use the water, and therefore the respondents have no right to interfere with the water in this manner or to maintain said dams or reservoirs or to store any water therein. (*Columbia M. Co.* v. *Holter,* 12 Mont. 296; *Creek* v. *Bozeman W. W. Co.,* 15 Mont. 128; *Gassert* v. *Noyes,* 18 Mont. 220; *Last Chance Co.* v. *Bunkerhill Co.,* 49 Fed. 434; Note 8, Vol. 17, p. 504, Am. & Eng. Ency. of Law.)

*Mr. Peter Breen,* and *Messrs. McBride & McBride,* for Respondents.

It appears to the respondents that there is but one question involved in this appeal. Does the evidence show an abuse of discretion by the trial court in making the order complained of? If not, then the order of the lower court should be sustained. (*Montana Ore Purchasing Co.* v. *B. & B. Con. Mining Co.*, 25 Mont. 427; *Anaconda C. M. Co.* v. *Heinze et al.*, 27 Mont.)

A water right can exist wholly separate and apart from a title to land. (*Smith* v. *Denniff*, 24 Mont. 20; *Tuohy* v. *Campbell*, 24 Mont. 13.) Where there is nothing to show that the waters of a spring or well are supplied by any defined flowing stream, the presumption will be that they have their source in the ordinary percolation of the waters through the soil. Percolating waters and those whose sources are unknown, belong to the realty on which they are found. Such a spring belongs to the owner of the land. It is as much his as the earth or minerals beneath the surface, and none of the rules relating to watercourses and diversions apply. (*Willow Creek Irrigation Co.* v. *Michaelson*, 51 L. R. A. 282, citing *Bloodgood* v. *Ayers*, 108 N. Y. 400; *Crescent Min. Co.* v. *Silver King Min. Co.*, 17 Utah, 444; Kinney on Irrigation, Sec. 48; *Hanson* v. *McCue*, 42 Cal. 303; *Southern Pacific R. R. Co.* v. *Dufour*, 95 Cal. 615, s. c. 30 Pac. 783.)

Water, whether moving or motionless, in the earth is not, in the eye of the law, distinct from the earth. (*Roth* v. *Driscoll*, 20 Conn. 540; *Hanson* v. *McCue*, 47 Cal. 303.)

Where percolating waters are gathered in a stream running in a definite channel, no distinction exists between waters so running under the surface or upon the surface of the land. (*Cross* v. *Kits*, 69 Cal. 222.)

The amount of water which an appropriator is entitled to use —commonly designated as the extent of his appropriation— is a question of fact to be determined by a jury. The right of the prior appropriator in this respect is limited to the amount or extent of his actual appropriation as against subsequent appropriators and claimants; and he cannot, after their subsequent rights have attached, by changing the place or nature of

his use, or by enlarging his works, or otherwise, extend his claim, or increase the amount of water diverted or used, to the prejudice of such subsequent parties. (Pomeroy on Water Rights, Sec. 85, citing, *Nevada Water Company* v. *Powell,* 24 Cal. 109; *Ortman* v. *Dixon,* 13 Cal. 33; *Atchison* v. *Peterson,* 20 Wallace, 514; *MacDonald* v. *Lannen,* 19 Mont. 82; *Creek* v. *Bozeman Waterworks Co.,* 15 Mont. 121; *Gassert* v. *Noyes,* 18 Mont. 222; *Toohey* v. *Campbell,* 24 Mont. 17; *Power* v. *Switzer,* 21 Mont. 523; Long on Irrigation, Par. 112, p. 214; *West Point Irr. Co.* v. *Moroni & Mt. Pleasant Irr. Co.,* 61 Pac. 16; *Saint* v. *Guerrerio,* 17 Colo. 443, s. c. 30 Pac. 335; *Hillman* v. *Newington,* 57 Cal. 56.)

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from an order refusing to grant an injunction *pendente lite* restraining respondents from interfering with appellant's use of the waters of Blacktail Deer creek, in Silver Bow county, Montana, to which appellant alleges it has the prior right.

Under the former decisions of this court the principal question for consideration is whether, upon the evidence introduced at the hearing, the court below manifestly abused its discretion in refusing the injunction applied for. (*Craver* v. *Stapp,* 26 Mont. 314, 67 Pac. 937; *Nelson* v. *O'Neal,* 1 Mont. 284; *Bluebird Mining Co.* v. *Murray,* 9 Mont. 468, 23 Pac. 1022; *Klein* v. *Davis,* 11 Mont. 155, 27 Pac. 511; *Cotter* v. *Cotter,* 16 Mont. 63, 40 Pac. 63; *Anaconda Copper Mining Co.* v. *Butte & Boston Mining Co.,* 17 Mont. 519, 43 Pac. 924; *Heinze* v. *Boston & Montana C. C. & S. Mining Co.,* 20 Mont. 528, 52 Pac. 273; *Boston & Montana C. C. & S. Mining Co.* v. *Montana Ore Purchasing Co.,* 23 Mont. 557, 59 Pac. 919.)

The evidence submitted to the court below in behalf of the respective parties was very contradictory, and a review thereof seems unnecessary to this decision. Much competent testimony was introduced and received in behalf of respondents, tending

to show their prior right to and use of the water in question. The weight of such testimony was for the court below. Therefore this court cannot say that the discretion vested in that court was, upon the testimony adduced, manifestly abused.

All the evidence offered by appellant which was excluded by the court was either immaterial in a preliminary hearing like this, cumulative, or offered by the appellant in its case in chief, instead of in rebuttal, as it should have been. At the close of appellant's case the court overruled a motion made by counsel for respondents to dismiss the application, thereby, in effect, holding that appellant had made a *prima facie* case for the injunction sought. Appellant offered no evidence in rebuttal, but was content to rely upon the case it had made in chief.

In answer to appellant's contention that much irrelevant and incompetent testimony was admitted at the hearing against the objections of its counsel, it seems sufficient to say that presumably the court did its duty, and based its decision upon such of the evidence as was competent, and did not consider such as was incompetent or irrelevant. (*Montana Ore Purchasing Co. v. Butte & Boston Consol. Mining Co.,* 25 Mont. 427-432, 65 Pac. 420.)

Counsel for appellant object to the character of the cross-examination of its witnesses by respondents' counsel. It must be remembered that this hearing was before the court upon a motion. The methods of procedure in such cases are largely within the discretion of the court, and will not be interfered with unless injury is shown. None is shown by appellant, and, in view of the presumption above stated, this court will not interfere.

Appellant further assigns error upon the ruling of the court below in allowing costs to respondents. The language of the order complained of is, "And it is further ordered that the said Butte Ice Company and W. McC. White have and recover from the plaintiff all costs accruing upon the said order to show cause."

The power to allow costs is purely statutory, and therefore,

unless some statutory authority exists for their allowance in matters of this character, the allowance made was erroneous. The statutes of Montana allow costs to the prevailing party upon final judgments rendered in certain actions. (Code of Civil Procedure, Section 1851.) By Section 1853 costs are left to the discretion of the court in other actions. This section also provides that no costs shall be allowed in certain instances. Certain other sections of the chapters on costs allow them in certain other proceedings in court, but there is no provision allowing costs upon motions concerning injunctions. In fact, Section 1861, Code of Civil Procedure, by providing that the losing party upon all motions must pay the other $10 "as costs," precludes the court from allowing any other costs.

Counsel for respondents seek to justify this allowance under the provisions of Section 880 of the Code of Civil Procedure. This section provides as follows: "Where an injunction order is granted without notice, and the same is afterwards dissolved upon the application of the party enjoined thereby, the court or judge to whom the application to dissolve is made, may award as costs of the application against the plaintiff, and in favor of the party applying, such sum as to the court or judge may appear just, not less than ten dollars, nor more than one hundred dollars." We think the provisions of this section are inapplicable to the present case. The record discloses no application on the part of respondents to dissolve any "injunction order." Again, in the application of the provisions of this section, the court or judge must fix a definite amount, not less than $10 or more than $100, which he awards "as costs" in favor of the person making the application. No sum is fixed here, but all costs are allowed. It is very apparent from the reading of the order made that the court did not have in mind, and did not intend to apply, the provisions of either Sections 880 or 1861, *supra,* when he made the order appealed from.

We deem it proper to say that this court does not decide, or even intimate an opinion, as to whether the evidence offered would warrant a decision against the plaintiff on a trial of the

case on its merits. The rule is well settled that evidence sufficient to authorize a granting of a preliminary injunction or to warrant the refusal thereof may not be sufficient to maintain a like decision upon a final trial of the action on its merits. (*Craver* v. *Stapp,* 26 Mont. 314, 67 Pac. 937; *Maloney* v. *King,* 25 Mont. 188, 64 Pac. 351.)

We therefore conclude that the court erred in allowing costs to respondents, and that the order appealed from ought to be modified in that regard by striking out the provisions for costs, and, as so modified, be affirmed.

PER CURIAM.—For the reasons contained in the foregoing opinion, the order appealed from is affirmed, with the modification suggested.

