ORIGINAL CONSOL. MINING CO. v. ABBOTT.

(Circuit Court, D. Montana. August 10, 1908.)

No. 268.

1. EQUITY (§ 42*)—JURISDICTION OF SUBJECT-MATTER—WAIVER OF OBJECTION BY FILING CROSS-BILL.

The filing by a defendant of a cross-bill alleging new facts and praying for affirmative relief is a waiver of any objection to the jurisdiction of a court of equity over the subject-matter of the suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 119; Dec. Dig. § 42.*]

2. MINES AND MINERALS (§ 49*)—ADVERSE POSSESSION—PRESUMPTIONS AND BURDEN OF PROOF.

The owner in fee of a patented lode mining claim is presumed to be in possession of the surface included within the lines of the location, and the burden of proof rests on one claiming any part thereof by adverse possession.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 49.*]

3. ADVERSE POSSESSION (§ 85*)—PRESUMPTION AND BURDEN OF PROOF—TENANCY.

Possession of real property shown to have been at one time a tenancy at will from the owner of the fee is presumed to have continued such, and cannot become adverse against the owner unless the tenant has openly repudiated the relationship in terms or by some act necessarily evincing such intention.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 656; Dec. Dig. § 85.*]

4. ADVERSE POSSESSION (§ 43*)—TACKING SUCCESSIVE POSSESSIONS—CHARACTER OF FORMER POSSESSION.

The successor in possession of a tenant at will, who at all times recognized the rights of the owner, cannot tack the possession of such tenant to his own for the purpose of making title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 224; Dec. Dig. § 43.*]

In Equity.

The Original Consolidated Mining Company, a corporation of the state of Washington, on January 26, 1905, brought its bill as complainant against Wheelock H. Abbott, a citizen of the state of Montana, as defendant, alleging, in substance, that it is the owner in fee, in the possession, and entitled to the possession of the Steward lode mining claim, located in Silver Bow county, Mont., patent for which the United States had issued, on May 29, 1879, to the predecessors in interest of the complainant; that ever since said date complainant and its predecessors in interest have been in the lawful, quiet, peaceable, and undisturbed possession of said Steward lode, together with all of the surface rights, and all the rights to the ores, minerals, and mineral-bearing rock, veins, ledges, and deposits contained within the exterior limits of said lode, the tops or apexes of which lie within the exterior limits thereof; that the defendant claims an estate or interest in said lode, or in some part or parcel thereof, adverse to the complainant; that the said claim of the defendant is without any right, and that the defendant has no estate, right, title, or interest whatever in the said lode, or any part thereof. The complainant prayed that defendant be required to set forth the nature of his claim, and that all adverse claims of the defendant be determined by decree of the court; that it be adjudged that the defendant has no estate or interest whatever in or to any part of said Steward lode, and that the title of the complainant to said lode is good and valid; and that the defendant be for-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever enjoined and debarred from asserting any claims whatever in or to any part of said lode, adverse to the complainant.

In his answer, the defendant set up that he claims ownership of only a portion of the ground embraced in the Steward claim, of which portion he is, and ever since April 26, 1900, has been, continuously and without interruption, to the knowledge of complainant and its predecessors in interest, in possession; that while said ground was granted to the predecessors in interest of the complainant on May 29, 1879, neither the complainant, nor any grantor to, nor any predecessor in interest of, complainant, has been possessed of any portion of said ground claimed by defendant within 24 years preceding the filing of the bill of complainant; that on May 29, 1880, William A. Clark was the owner as of his own demesne in fee of all of said ground, and that he never at any time between May 29, 1880, and February 3, 1900, conveyed any portion of said ground to any person or corporation; that on June 20, 1881, one Sandberg, without leave, let, lease, permission, or consent of William A. Clark, entered upon said ground and used the same, by placing cabins, corrals, fences, and building stone thereon, and used the whole thereof as a stoneyard; that for the full period of five years next succeeding June 20, 1881, said Sandberg was in the open, honest, adverse, uninterrupted, continuous, hostile, and notorious possession of said ground, under color of title of an instrument in writing made to him on said date granting said ground; that for the full period of 10 years succeeding June 21, 1881, said Sandberg was in the open, honest, adverse, uninterrupted, continuous, hostile, and notorious possession of said ground; that said Sandberg was in the open, notorious, honest, adverse, uninterrupted, continuous, and hostile possession of said ground for the entire period of time commencing on June 20, 1881, up to and until April 26, 1900, claiming to own the same; that Sandberg never sought or obtained the consent or permission of William A. Clark, or any one else, to use, occupy, and enjoy the said ground, nor did said Sandberg ever tender or pay to William A. Clark, or to any other person, any money as rent therefor, nor did he ever admit that any other person than himself had any right, title, or interest in the said ground during any of the said time; that on April 26, 1900, said Sandberg conveyed said ground to one Patrick J. Hennessy; that on the same day said Hennessy, by deed, conveyed an undivided half interest therein to the defendant; that thereafter, on November 23, 1904, said Hennessy, by deed, conveyed the other undivided half interest in said ground to the defendant; and that, therefore, defendant avers he is the owner as of his own demesne in fee simple absolute of all of said ground from the surface to the center of the earth, and of all space and substances embraced within the limits of the planes formed by projecting its surface boundaries to the center of the earth. The defendant thereupon filed its cross-bill for affirmative relief, and prayed for a decree adjudging that the title of the defendant is good and valid, and that complainant be forever enjoined and restrained and debarred from asserting any claim whatever to said ground adverse to the defendant.

The complainant filed its replication to the bill, denying the averments of the answer, and filed its answer to the cross-bill, denying, in substance, the allegations thereof. The cross-complainant filed its replication to the answer of the cross-defendant, denying the averments thereof. Thereupon the testimony was taken before an examiner.

W. M. Bickford and Geo. F. Shelton, for complainant.
Robt. B. Smith, H. L. Maury, and S. Hogwoll, for defendant.

HUNT, District Judge (after stating the facts as above). My opinion is that the court has jurisdiction of the suit, and can determine the merits. Such a ruling can safely be put upon the ground that the defendant, having filed a cross-bill alleging possession in himself, and praying for equitable relief, has waived the question of jurisdiction. Small v. Peters (C. C.) 104 Fed. 401; Mining Company v. Mining Company (C. C.) 139 Fed. 838; Radcliffe v. Scrubbs, 46 Ark. 96;

Bates on Fed. Equity Procedure, § 386; Lowenstein v. Glidewell, Fed. Cas. No. 8,575; Daniell's Ch. Plead. & Prac. § 1553; Brown v. Lake Superior Iron Co., 134 U. S. 530, 10 Sup. Ct. 604, 33 L. Ed. 1021; Story's Equity Pleadings, § 399.

Upon the merits, complainant should prevail. The title in fee, as does the title of record, stands in the name of the Original Consolidated Mining Company. This title rests upon the patent of the United States, issued to complainant's predecessors in interest on May 29, 1879, and also upon use and occupation of the ground under the surface for mining purposes. The presumptions in favor of the holder of a patent for a lode mining claim are in favor of the right of possession and enjoyment of all the surface included within the lines of the location, and of all veins, lodes, or ledges throughout their entire depth, the tops or apexes of which lie inside of such surface lines extended downward vertically. Section 2322, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1425); Maloney v. King, 27 Mont. 428, 71 Pac. 469; Lindley on Mines, § 780. See, also, section 486, Code Civ. Proc. Mont. 1895 (Rev. Codes, § 6435).

The burden of proof is upon defendant and cross-complainant, who claims by adverse possession. Section 486, Code Civ. Proc. Mont.; McConnell v. Day, 61 Ark. 464, 33 S. W. 731. A defendant and cross-complainant, claiming by adverse possession, must prove that his possession was notorious, exclusive, continuous, open, and adverse. Holtzman v. Douglas, 168 U. S. 280, 18 Sup. Ct. 65, 42 L. Ed. 466.

The evidence sustains the finding by the master that J. E. Sandberg occupied part of the surface of the mining claim as a tenant at will, recognizing the title of complainant's predecessors in interest. Sandberg never claimed any rights whatsoever, except as a tenant at will in subordination of his lessors. Defendant bought and took possession of the surface, and initiated any further rights that he claims, in 1900. Under such a condition of facts, he cannot set up title even to the surface by adverse possession, unless he vacated and then retook possession, or did some act necessarily evincing his intention to put an end to the presumed relationship of a continued tenancy at will, and unless he held adversely for the period of 10 years. Section 487, Code Civ. Proc. Mont. 1895 (Rev. Codes, § 6436). The authorities sustain the principle that, in a case like this, where it is shown that possession at a certain time was held in subordination to the title of another, it will be presumed so to continue, and it cannot afterwards become adverse as against the latter without proof that it was held in hostility to such other's title. It must also be shown that the possessor repudiated the permissive or subordinate character of the possession as it previously existed, and that the full period of limitation has expired since such repudiation. Warville on Ejectment, § 431.

In Handlan v. McManus, 100 Mo. 124, 13 S. W. 207, 18 Am. St. Rep. 533, the Supreme Court of Missouri said:

"There is no doubt that possession, to be of any avail as a defense under the statute of limitations, must be adverse, and not subordinate to the true title. The possession cannot be adverse so long as it is held under a lease or license. * * *" Bond v. O'Gara, 177 Mass. 139, 58 N. E. 275, 83 Am. St.

Rep. 265; Anderson v. McCormick, 18 Or. 301, 22 Pac. 1062; Deputron v. Young, 134 U. S. 241, 10 Sup. Ct. 539, 33 L. Ed. 923.

Defendant cannot tack the possession of Sandberg, which was not adverse, but permissive, to his own possession so as to let him acquire adverse title. Daveis v. Collins (C. C.) 43 Fed. 31; Sawyer v. Kendall, 10 Cush. (Mass.) 241.

Believing these principles are applicable, complainant is entitled to a decree as prayed for in its complaint. So ordered.