JUSTICE RICE,
concurring.
¶38 I concur with the Court’s decision and write in an effort to promote clarity with regard to our standards of appellate review of preliminary injunctions. The Opinion indicates that our decision is not made under the manifest abuse of discretion standard because the “determination of whether an injunction should issue in this case was solely a legal conclusion,” and thus, we review that conclusion of law for correctness. Opinion, ¶ 16. This statement is consistent with standards of review we have often cited in injunction cases: “In reviewing an order granting or denying a preliminary injunction we determine whether the district court committed a manifest abuse of its discretion.... However, where the district court denies injunctive relief based on conclusions of law, no discretion is involved, and we review the conclusions of the law to determine whether they are correct.” Benefis Healthcare, ¶ 11 (internal quotations and citations omitted).
¶39 I would recommend that parties and the Court attempt to be more precise in the application of these standards of review in injunctive relief cases, so as to not lose the original intent behind them. The foundational approach of appellate review of injunction decisions has been one deferential to the trial court’s determination. We noted in Shammel v. Canyon Resources Corp., 2003 MT 372, ¶ 11, 319 Mont. 132, ¶ 11, 82 P.3d 912, ¶ 11, the longstanding principle that “[t]he granting or dissolving of an injunction is so largely within the discretion of the lower court, that the supreme court will never disturb its action, unless there has been a manifest abuse of discretion,” citing Craver v. Stapp, 26 Mont. 314, 67 P. 937 (1902). While it is true that we have also said, as noted above, that “no discretion is involved” when a district court’s injunction determination is based on a conclusion of law, we should be careful not to overstate or overapply that standard. Indeed, virtually all injunction determinations will be founded upon conclusions of law; for example, whether a prima facie case is established, or the “likelihood” of irreparable harm or success on the merits is demonstrated are ultimately legal conclusions. However, if all such decisions under the statutes governing injunctions are *503 reviewed under a de novo “correctness” standard, little use would remain for the deferential “manifest abuse of discretion” standard.
¶40 The injunction decisions we have made under the “conclusion of law” review have often involved a district court’s interpretation of a substantive statute related to the issuance of the injunction. See J.M. v. Mont. High Sch. Assn., 265 Mont. 230, 875 P.2d 1026 (1994) (grant of injunction was reversed on the ground that the district court’s interpretation of a federal special education statute was incorrect); Hagener v. Wallace, 2002 MT 109, 309 Mont. 473, 47 P.3d 847, overruled on other grounds (grant of injunction affirmed based upon district court’s interpretation of fish and wildlife statute). We have sometimes explained that “where, as here, the district court bases its decision to grant such relief upon its interpretation of a statute, no discretion is involved and we review the district court's conclusion of law to determine whether it is correct.” Hagener, ¶ 12 (emphasis added). Such cases help to illustrate that the “conclusion of law” review is not a generic one applicable to all injunction cases simply because conclusions of law were entered regarding the statutory standards for issuance of an injunction. Depending on the case, I believe it is possible for a district court to enter an incorrect conclusion of law on a particular legal principle yet ultimately render an appropriate injunction decision. The question is whether the issuance of the injunction turned on, or was determined by, the legal conclusion. Other courts have more clearly integrated this principle within their jurisprudence. See Pratte v. NLRB, 683 F.2d 1038, 1040 (7th Cir. 1982) (de novo review of injunction appropriate “when the availability of preliminary relief turns on interpretation of the law”); Societe Comptoir de L'industrie Cotonniere Etablissements Boussac v. Alexander’s Dept. Stores, Inc., 299 F.2d 33, 35-36 (2nd Cir. 1962) (“Although the granting or denial of a preliminary injunction is within the discretion of the court to which it is addressed, where it is plain that the disposition was in substantial measure a result of the lower court’s view of the law, which is inextricably bound up in the controversy, the appellate court can, and should review such conclusions,” (citing Ring v. Spina, 148 F.2d 647, 650 (2nd Cir. 1945)).
¶41 Here, we do not reverse the District Court’s interpretation of any statutes (or the constitutional provisions) related to the substance of the dispute. We explain in ¶ 17 that the District Court’s error was in going too far-thatits determinations under §§ 27-19-304(4), and 27-19-104(5), MCA, “were conclusions resolving the ultimate merits of the litigation.” Opinion, ¶ 17. In so doing, we are not, in my view, reversing *504 conclusions of law as being incorrect, but are holding that such conclusions should not have been entered at this stage of the proceeding. Even if these could technically be considered conclusions of law, they are not the sort of conclusions which should supplant the abuse of discretion standard because they were only part of the District Court’s overall consideration of the injunction request. Thus, once we turn back these determinations and reserve them for trial, we are then faced with the issue of whether a preliminary injunction “should have been granted in this case.” Opinion, ¶ 19. At this point I agree with the County-the decision to grant or deny an injunction based upon a review of the case is one which should be reviewed for manifest abuse of discretion.
¶42 The District Court reasoned as follows:
Although the Court acknowledges the lengths to which the City of Whitefish has gone to implement the Interlocal Agreement, with the full cooperation and acquiescence of the County until lately, the Court disagrees with the City’s argument that this decision will cause extensive disruption in the functioning of the City and the County and for property owners and developers in the two-mile extra-territorial jurisdiction. Clearly, with or without the IA, the City has the continuing authority under Sections 76-2-310 and -311, MCA, to exercise its jurisdiction over properties in the extra-territorial area until they become subject to a growth plan adopted by the County. This period of time should ease the transition and diminish the likelihood of irreparable harm to the City and others.
¶43 I agree with the Court in its assessment of the risk of irreparable harm, but would conclude that the District Court manifestly abused its discretion by failing to grant a preliminary injunction. The City clearly proved the likelihood for irreparable harm. The Agreement represents the status quo under which the parties have operated for several years and under which extensive actions have been taken by the City to administer its ordinances. To prevent disruption and harm to the City, its employees and the citizens, that status quo should be maintained pending litigation on the contractual, statutory and constitutional questions at issue. This error was significant enough to warrant reversal under the deferential manifest abuse of discretion standard of review.