E. P. WILLIAMS *et al.*

*v.*

SAMUEL REYNOLDS.

1. AFFIDAVIT OF MERITS — *effect of exception as to defense.*   An affidavit of merits filed by a defendant with his plea, stating that he has a good defense as to all of plaintiff's demand, except a certain sum named in the affidavit, is a virtual admission that the sum thus excepted is due to the plaintiff.

2. SAME — *is part of the record and need not be read in evidence.*   An affidavit of merits filed with a plea is a part of the record and need not be formally offered in evidence, and although the attention of the jury may not have been called to it, it is still before the court, and should be considered by it on a motion for a new trial.

3. NEW TRIAL — *verdict against the evidence.*   Where an affidavit of merits states that defendant has a good defense as to all of plaintiff's claim, except a certain sum, and the preponderance of the evidence shows the plaintiff entitled to recover that much or more, and the jury find a less sum due the plaintiff than the amount named in the affidavit, a new trial should be awarded.

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, MCKENZIE & CALKINS, for the appellants.

· Messrs. STEWART & PHELPS, for the appellee.

Per CURIAM : This was an action of *assumpsit*, brought by appellants in the circuit court of Warren county against appellee, to recover the value of services rendered as attorneys in the trial of two cases in which they were employed by appellee. On the trial of the cause before a jury, appellants recovered a judgment of $48 ; to reverse which they appealed.

Appellee, as appears from the evidence, was indicted for rape ; he was also sued by a certain party for seduction. Appellants were employed to assist in the defense of each case. As respects the services in the first case mentioned, we perceive no ground to interfere with the verdict. Appellants claimed their services in this case to be worth $440 ; but appellee relied upon a special contract under which appellants agreed to secure an acquittal for $75. There was evidence introduced from which the jury might properly find the services were rendered under a special contract, and if such was the fact, then the amount to be paid would be governed by the contract. In the other case no contract was attempted to be shown, and appellants charged for their services $100. Four witnesses who were acquainted with the nature and value of the services rendered were called, three of whom unite in fixing the value at $100 ; the other witness, on cross-examination, said that $50 would be a reasonable " fee for the work actually done." The jury allowed but $50, which, in our opinion, is against the decided weight of evidence.

But as there was some conflict in the evidence upon this point, the judgment might upon that ground be sustained had the record contained no other fact in appellants' favor. The record, however, discloses the fact that appellee filed with his pleas an affidavit of merits, in which he stated " that he verily believed he had a good defense to said suit upon the merits, to all of the plaintiffs' demands except as

to the sum of seventy-five dollars." Here was, in effect, an admission by appellee that $75 was due. This fact, in connection with the evidence in regard to the value of the services, preponderates so clearly against the verdict that justice demands the facts should be submitted to another jury. Appellee, however, insists that appellants are not entitled to claim any benefit from the affidavit, as it was not offered in evidence. An affidavit of merits, filed with a plea, is a part of the record, as was held in *Whiting* v. *Fuller*, 22 Ill. 33 ; and, being a part of the record, it was not necessary to be formally offered in evidence. If the attention of the jury was not called to the facts admitted by the pleadings, still the court, on motion for a new trial, had the matter before it, and should have acted with due regard to all the facts appearing in the record. We are therefore of opinion the circuit court should have granted a new trial ; and as it failed to do this, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

SCOTT, SHELDON, and DICKEY, JJ., dissenting.