State, *ex rel.* Board of Commissioners of Scott County, *v.* Wilson *et al.*

No. 10,656.

STATE, EX REL. BOARD OF COMMISSIONERS OF SCOTT
COUNTY, *v.* WILSON ET AL.

JURY.—*Evidence.*—*Admissions.*—Where there is no impeaching or contra-
dictory evidence, and the admissions testified to are corroborated by the
other testimony in the case, the jury have no right to arbitrarily disre-
gard them.

SAME.—*Amount of Recovery.*—Where a *prima facie* case, entitling plaintiff
to recover a much larger sum than that allowed, is shown, and no contra-
dictory evidence is offered, the jury should base the amount of recovery
upon the case thus made.

From the Washington Circuit Court.

*W. K. Marshall* and *W. Trulock*, for appellant.

*C. L. Jewett*, for appellees.

ELLIOTT, J.—It is contended by appellant that the amount
awarded by the verdict and judgment is too small, and that
for this reason the motion for a new trial should have been
sustained.   We have carefully read the evidence, and it seems
clear to us that the appellant is right.

Where admissions are clearly proved and are consistent
with the other evidence and circumstances of the case, they
should be acted upon by the jury, unless in some way dis-
proved or contradicted; where there is no impeaching or con-
tradictory evidence, and the admissions testified to are cor-
roborated by the other testimony in the case, the jury have
no right to arbitrarily disregard them.   In the present in-
stance, the admissions of the principal debtor clearly show a
liability for a much greater sum than that awarded, and all
the evidence tends to support the admission.   A *prima facie*
case, entitling the appellant to recover a much larger sum
than that allowed was clearly and fully made out, and as
there was no evidence tending to disprove this *prima facie*
case, the jury should have based its assessment of the amount
of recovery upon the case thus made out.

The appellees were the sureties on the bonds executed by

Newton M. Wilson, as clerk of Scott county, and were liable for all money of the relators received by him in his official capacity, and the uncontradicted evidence shows him to have received a larger sum than that awarded by the verdict to the relators. The evidence given on the part of the plaintiff was uncontradicted, for no evidence was offered by appellees except the commission of their principal.

Judgment reversed.

Petition for a rehearing overruled.