## SOUTHERN DEPARTMENT—EASTERN DIVISION.
## JUNE TERM, 1896.

ROSEBERRY PIERSON v. ELIZA J. THOMPSON, *as Guardian of Corydon C. Thompson.*

No. 51.

1. NEW TRIAL—*Duty of Judge.* Where a verdict of a jury does not meet the approval of the trial judge, it is his duty to set aside the verdict and grant a new trial.

2. —————— *Conditional Order.* When a new trial is sought and awarded on the ground of error on the part of the court or jury, or misconduct on the part of the prevailing party, such new trial should be awarded absolutely and without condition.

MEMORANDUM.—Error from Cherokee district court; J. D. McCUE, judge. Action by Eliza J. Thompson, as guardian of Corydon C. Thompson, an insane person, against Roseberry Pierson, to recover damages for an alleged assault and battery. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion. herein, filed July 13, 1896, states the material facts.

*W. R. Cowley,* for plaintiff in error.

*E. M. Tracewell,* and *A. H. Skidmore,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : C. C. Thompson brought this action in the district court of Cherokee county to recover damages for alleged assault and battery committed upon his person by Roseberry Pierson. After the commencement of the action Thompson was adjudged

insane, and the cause was continued in the name of the defendant in error as guardian.    Upon the trial, judgment was rendered for $1,000 in favor of said guardian, $29.35 of which was given by the jury as actual damages, and the balance of the amount as punitive damages.    A motion for a new trial was filed, the grounds of which were, that the verdict was not sustained by sufficient evidence, that it was contrary to law, that the damages assessed were excessive and given under the influence of passion and prejudice, error occurring at the trial prejudicial to the defendant, and misconduct of the prevailing parties.    Upon the hearing of said motion the district court sustained the same, upon the payment of certain costs within 50 days, and also ordered that if said costs were not paid the motion for a new trial should be overruled.    Pierson refused to pay the costs taxed against him, and brings the case here for review.

Several errors are complained of in this case, but we do not deem it necessary to consider any but the ruling of the court upon the motion for a new trial, as in our opinion there must be another trial of this case, and the other errors complained of will probably not occur again.

It is a well-settled rule that the verdict of a jury must meet with the approval of the trial court, and that unless it is so approved by the court a new trial should be granted.    (*K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1.)  In this case the record shows, from the action of the trial judge, that he was dissatisfied with and did not approve the verdict rendered by the jury in this case.    The particular reason for his dissatisfaction does not appear, but it must have been for some one of the reasons set forth in the motion for a new trial, as that motion contained the only grounds upon

which the verdict was assailed. The only question remaining is : Did the court have a right to impose terms, upon granting the motion for a new trial? We are clearly of the opinion that it did not in this case. The motion did not ask for a new trial upon the ground of any newly-discovered evidence, but because of certain errors claimed to have been committed upon the trial itself. Under such circumstances, it was error for the trial court to attach any conditions to the order granting a new trial, but the same should have been awarded absolutely. (*Mining Co. v. Eakins,* 23 Kan. 317 ; *Spore v. Leeper,* 27 id. 68.)

The judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.