HARWOOD, APPELLANT, *v.* SCOTT, ADMINISTRATRIX, RESPONDENT.

(No. 4,962.)

(Submitted November 27, 1922. Decided December 21, 1922.)

[211 Pac. 316.]

*Attorneys' Fees—Trial—Witnesses—Disregard of Unimpeached Evidence by Jury—Instructions not Objected to—Law of Case—When Verdict Against Law.*

Trial—Instructions Given Without Objection—Law of Case.
 1. Instructions given without objection are the law of the case, whether right or wrong.

Same—Jury—Arbitrary Disregard of Unimpeached Testimony—Verdict Against Law.
 2. Juries may not arbitrarily and capriciously disregard testimony of witnesses not only unimpeached in any of the usual modes known to the law, but supported by all the circumstances in the case, and if they do and render a verdict contrary thereto, it is against the law, unless it appear that some essential part of the evidence is inherently improbable.

Attorney's Fees—Jury Disregarding Unimpeached Testimony of Plaintiff—Verdict Against Law—New Trial.
 3. Where in an action by an attorney against an administratrix to recover for services rendered, in which defendant alleged payment, plaintiff's evidence of rendition of services and nonpayment was uncontradicted and defendant did not offer any testimony whatever, and

[65 Mont. 521.]

under the instructions given without objection a verdict for plaintiff was proper, one rendered in favor of defendant was against the law, and refusal to grant a new trial was error.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by E. N. Harwood against Sibyl Scott, administratrix of the estate of Rachel E. Williams, deceased. From the judgment for defendant and from an order overruling plaintiff's motion for a new trial, the plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. J. A. Poore,* for Appellant.

The documentary evidence presented at the trial expressly showing Mrs. Williams' acknowledgment in her account stated of the amount of indebtedness owed by her to plaintiff, when allowed by the court, and its allowance as shown by the court's decree, with the presumptions of law arising from such documentary evidence, entitle plaintiff to judgment for recovery of the amount acknowledged to be due, with legal interest thereon. (*Roy* v. *King's Estate,* 55 Mont. 567, 179 Pac. 821; *Martin* v. *Heinze,* 31 Mont. 68, 3 Ann. Cas. 531, 77 Pac. 427; *Voight* v. *Brooks,* 19 Mont. 374, 48 Pac. 549; *Knatz* v. *Wise,* 16 Mont. 555, 41 Pac. 710; *State ex rel. Bishop* v. *Keating,* 56 Mont. 526, 185 Pac. 706.)

All legal questions which defendant has to present, as well as those presented by plaintiff, can be considered and determined by the appellate court. And unless there be found some prejudicial error in the trial, which, in the opinion of the supreme court, requires a new trial for its correction, the record of this case seems to present such state of uncontroverted and practically agreed facts as conclusively shows proper foundation under the law for an order by the appellate court requiring judgment to be entered in the trial court in favor of plaintiff, for recovery of the amount of indebtedness and interest due to plaintiff, as evidenced, without conflict, by

legal proof produced at the trial already had. (*Milwaukee Land Co.* v. *Ruesink,* 50 Mont. 489, 148 Pac. 396; *Best Mfg. Co.* v. *Hutton,* 49 Mont. 78, 141 Pac. 653; *State ex rel. Hauswald* v. *Ellis,* 52 Mont. 505, 159 Pac. 414; *In re Colbert's Estate,* 51 Mont. 455, 153 Pac. 1022; *Dallas* v. *Douglas,* 45 Mont. 114, 122 Pac. 275; *Lepley* v. *City of Fort Benton,* 51 Mont. 551, 154 Pac. 710; *Walsh* v. *Hoskins,* 53 Mont. 198, L. R. A. 1917E, 383, 162 Pac. 960; *Rood* v. *Murray,* 50 Mont. 240, 146 Pac. 541; *United States Nat. Bank of Red Lodge* v. *Great Western Sugar Co.,* 60 Mont. 342, 199 Pac. 245.)

*Mr. J. E. Healy,* for Respondent.

MR. CHIEF COMMISSIONER LEIPER and MR. COMMISSIONER FORD prepared the opinion for the court.

Plaintiff brings this action for the purpose of recovering upon an alleged account stated for moneys due the plaintiff, by reason of professional services rendered in the capacity of an attorney at law for Rachel E. Williams as the administratrix of the estate of Henry Williams, deceased. The action is brought against Sibyl Scott as the administratrix of the estate of Rachel E. Williams, deceased, and it is admitted in the pleadings that the defendant is the administratrix of the estate of Rachel E. Williams, deceased.

The complaint alleges, in substance, that the plaintiff is an attorney at law, duly licensed to practice as such in the courts of the state of Montana; that Rachel E. Williams was from the twelfth day of August, 1905, to the twelfth day of August, 1906, the duly appointed, qualified and acting administratrix of the estate of Henry Williams, deceased; that during this period of time last above noted the plaintiff performed services as such attorney at law for Rachel E. Williams, as such administratrix; that Rachel E. Williams as such administratrix agreed to pay to the plaintiff the sum of $1,800, or that portion thereof which the judge of the district court in which the estate was then pending, should approve; that such administratrix made her fourth annual accounting to the court, in

which it was stated, among other things, that there was then due to the plaintiff the sum of $1,800 on account of legal services rendered by him in connection with such estate; that such report was duly approved by the court and an order made allowing the sum of $1,800 to this plaintiff.

It is further alleged that upon the approval of the account so filed by such administratrix that Rachel E. Williams became indebted to this plaintiff in the sum of $1,800, no part of which has been paid. It is further alleged that Rachel E. Williams died in March, 1907; that defendant herein was duly appointed as the administratrix of the estate of Rachel E. Williams, and is now acting as such; that a claim was duly filed with the defendant as such administratrix, for the sum of $1,800, which claim was rejected by the administratrix; that attached to the claim so filed was a copy of the decree of the court, settling and allowing the account of Rachel E. Williams as administratrix.

The defendant answered, admitting that the defendant is the administratrix of the estate of Rachel E. Williams; admitting the presentation of the claim, and that there was attached to it a copy of the decree of the court approving such account, and also admitting that the claim was rejected. The answer alleges that the plaintiff was fully paid for all of the services upon which this claim is based, and denies all of the other allegations of the complaint. The reply puts in issue all of the affirmative matter set forth in the answer. The cause was tried to a jury and verdict rendered favorable to defendant, and judgment entered thereon. Plaintiff thereafter duly filed his motion for a new trial, which was overruled. These appeals are from the judgment and order overruling plaintiff's motion for a new trial.

The evidence introduced was in part documentary and in part oral. The documentary evidence consisted of the following matter: (a) The order appointing Rachel E. Williams as the administratrix of the estate of Henry Williams, and is dated August 11, 1902; (b) the letters of administration granted to Rachel E. Williams in the estate last above men-

tioned, dated August 12, 1902; (c) the third report and annual account of Rachel E. Williams in the estate of Henry Williams, which was filed August 21, 1905; (d) the fourth annual report and account of Rachel E. Williams in the estate of Henry Williams, which was filed August 14, 1906; (e) the decree of the court settling and allowing such fourth annual account and report of Rachel E. Williams, dated February 18, 1907; (f) the claim of the plaintiff filed with the defendant as administratrix. In such fourth annual account introduced in evidence, among other things, appears the following: "Aug. 12. By amount due E. M. Harwood for services and counsel as attorney rendered on behalf of the estate of Henry Williams deceased, in and about the administration thereof, and in each and all cases pending in the courts of the state of Montana, and in the circuit court of the United States for the district of Montana, in which Rachel E. Williams, as administratrix of the estate of Henry Williams, deceased, is impleaded as a party, from August 12, 1905, to August 12, 1906, subject to allowance of the above-entitled court, voucher No. 763— $1,800." In such decree of the court, settling and allowing the fourth annual account, above noted, there appears, among other things, the following: "That the sum of $1,800 is a reasonable and just amount to be allowed said administratrix for the services rendered by her said attorney during the period mentioned in said account in the matters, suits, and proceedings therein mentioned, and the credit of said sum of $1,800 ought to be, and is hereby, allowed said administratrix as reasonable compensation for said services of said attorney necessarily employed by said administratrix, and rendered by said attorney on behalf of said estate, as specified in said account."

The creditor's claim, filed by the plaintiff with the defendant as administratrix, is in the usual form, and the item herein claimed of $1,800, together with other items therein enumerated, is therein set forth.

The oral testimony consisted of that given by the plaintiff himself and was in part as follows: That he is, and at all the

times mentioned in the complaint has been, a practicing attorney at law, duly licensed to practice as such in all of the courts of the state of Montana; that he was well acquainted with the handwriting of Rachel E. Williams, administratrix of the estate of Henry Williams, deceased; that the name Rachel E. Williams attached to the third and fourth annual accounts and reports of the administratrix of the estate of Henry Williams, deceased, is the signature of Rachel E. Williams; that no part of the $1,800 or any interest thereon claimed herein, has been paid.

The defendant did not cross-examine any of the witnesses who testified in behalf of plaintiff; neither did the defendant offer any testimony whatsoever in her behalf.

In so far as the record before this court discloses, there were no objections made to any of the instructions given. In instructions numbered 4, 5, 6 and 7, the jury were told:

Instruction No. 4: "The court instructs the jury that if a duly appointed and acting administratrix of an estate subscribes and verifies by her affidavit an account in writing, which states that a certain sum of money is due, or is owed, on account, to another person, for services rendered, or valuable things furnished, by such other person, to or for or on behalf of the person who subscribed and verified said account, in and about her administration of said estate, and in cases in courts wherein she was a party as such administratrix, then that account as to such item of indebtedness stated therein is in law an account stated; and an account so stated also implies, as a matter of law, a promise on the part of the person who subscribed their name thereto, to pay the amount therein stated to be due, when allowed by the court, in case such account states that the amount therein stated to be due is subject to allowance of the court.

"The court further instructs you that in prosecuting a suit to enforce payment of the amount stated as due in an account stated as defined in this instruction, it is not necessary, nor is it proper, for the creditor to introduce evidence in addition to what is shown in such account stated, as to the items, or

value of items, of services rendered, or other valuable things furnished, for which the indebtedness mentioned in such stated account, arose or accrued.

"The court further instructs the jury that if the administratrix of an estate in her account and report, made in writing to the court having jurisdiction of said estate and the administration thereof, states that a certain sum of money is due to a person, subject to allowance of the court, for certain services rendered as attorney on behalf of said administratrix in and about the administration of said estate, and in court actions wherein said administratrix was a party, then the sum so stated to be due, subject to allowance of the court, is not matured for payment, nor enforceable, until the court, to which such account and report is made, has, by its judgment, order, or decree, allowed the same."

Instruction No. 5: "The court instructs the jury as a matter of law, that if the jury believes from a preponderance of the evidence introduced on this trial, that Rachel E. Williams, as the duly appointed and acting administratrix of the estate of Henry Williams, deceased, in the year 1906, subscribed her name to, and verified by her affidavit, an account and report to this court in writing, of her administration of that estate, during a certain period of time; and that said account and report contains a statement in writing to the effect that a certain sum of money was due to plaintiff in this case, subject to allowance of the court, for services and counsel rendered by plaintiff during a certain period of time as attorney on behalf of said estate of Henry Williams, deceased, in and about the administration thereof, while said Rachel E. Williams was acting as said administratrix, and in cases in the courts wherein she was a party as said administratrix, then the plaintiff, in this action to enforce payment of the sum so stated to be due him, is not obliged to, nor is it necessary or proper for the plaintiff to, prove or show by evidence, beyond or in addition to what is stated in said account, the character or items of services and counsel rendered by him as said attorney, or the value of said counsel and services for which the

alleged indebtedness mentioned in such account, is claimed to be due.

"But before plaintiff is entitled to a verdict for recovery of such alleged indebtedness, he must show by proper evidence that the court to which said account and report was made, by its order, judgment or decree, allowed the amount of the alleged indebtedness mentioned in such account, which plaintiff seeks to recover by this action; and that no payment thereof, nor any part thereof, has been made."

Instruction No. 6: "The court instructs the jury that the judgments, orders, and decrees of this court, made upon the hearing, settlement, and allowance of the account and report of the administratrix of an estate, showing the court's rulings and orders in regard thereto, are made and recorded in writing; that the contents of any such order, judgment, or decree, when used as evidence in the trial of a subsequent action or proceeding, may be shown by introducing and reading in evidence the record of such judgment, order or decree, or a duly authenticated copy thereof; and that when so introduced, received, and read in evidence, the contents of such judgment, order, or decree is entitled to and must be given full faith and credit by the court and jury, as evidence, in so far as the same is pertinent and applicable to any matter of fact to be shown in evidence and considered on the trial of such subsequent action or proceeding."

Instruction No. 7: "The court further instructs the jury that if you find from a preponderance of the evidence introduced on this trial that Rachel E. Williams, as the duly appointed and acting administratrix of the estate of Henry Williams, deceased, in the year 1906, subscribed her name to, and verified by her affidavit, her fourth annual account and report to this court in writing, of her administration of said estate during a certain period of time, and that said account and report contains a statement to the effect that the sum of $1,800 was due to plaintiff in this case, subject to allowance of the court, for service and counsel rendered by plaintiff as attorney on behalf of said estate and Rachel E. Williams as said adminis-

tratrix in the administration thereof, and in cases in the courts
as mentioned in said account and report; and if the jury fur-
ther find from the preponderance of the evidence introduced
on this trial, that a judgment, order, or decree of this court,
by its terms set forth in writing, declares that upon the hear-
ing of the fourth annual account of Rachel E. Williams, as
said administratrix, presented with proof to this court, the
said account and report was allowed by the court; or that by
the terms and declarations contained in such judgment, order,
or decree, this court allowed the sum of $1,800 mentioned in
such account and report to be due to plaintiff in this case,
subject to allowance of the court, for services and counsel as
attorney rendered as mentioned therein—then the jury should
accord to such judgment, order or decree, and the terms, dec-
larations, and orders therein set forth, full faith and credit
as evidence of what is therein expressed as ruled, ordered,
adjudged, or decreed, in so far as the same is pertinent and
applicable to any matter of fact in question to be shown by evi-
dence on this trial.''

Of the several specifications of error, we deem it necessary
to consider but one, namely: Is the verdict against or contrary
to the law? A careful examination of instructions numbered
4, 5, 6 and 7, above noted, with a like examination of the evi-
dence hereinbefore set forth, discloses that this evidence fully
meets all of the requirements set forth in these instructions.

As above noted, no objections were made to any of these
[1] instructions. Therefore, right or wrong, they became the
law of this case. (*Wallace* v. *Weaver*, 47 Mont. 437, 133 Pac.
1099, and cases therein cited.)

Since the evidence fully meets the requirements of the law
[2] as laid down in these instructions, and since this evidence
is uncontradicted, it follows that the verdict is against the law,
unless it can be said that some essential part of the evidence
is inherently improbable, for ''juries may not arbitrarily and
capriciously disregard testimony of witnesses, not only un-
impeached in any of the usual modes known to the law, but

supported by all the circumstances in the case. (*Mobile etc. R. R. Co.* v. *Jackson,* 92 Miss. 517, 46 South. 142; Rev. Codes, par. 1, sec. 8028.)'' (*Haddox* v. *Northern Pac. Ry. Co.,* 43 Mont. 8, 113 Pac. 1119.) And certainly it cannot be said that [3] that part of the evidence which is documentary is improbable; neither can this be said of the oral testimony, for under the instructions given only two essentials were necessary to be proven by oral testimony, *viz.:* (a) The signature of Rachel E. Williams to the third and fourth annual reports filed by her; and (b) whether any part of the claim or any interest thereon had been paid. As to the former, the probabilities are that the signature to each of these documents was genuine, for it is a court record, and the decree of the court, introduced in evidence, was based upon the fourth annual account and report of the administratrix settling and allowing it; and as to the latter, the administratrix was an officer of the court and as such was required to procure vouchers or receipts for all moneys expended (sec. 10279, Rev. Codes, 1921), but no receipt was produced, and it is not indulging in speculation to presume that if any payment was made that this would have been done by check, but no canceled check was produced, so that, as to the oral testimony, the probabilities are in favor of the truth of the same, rather than the opposite. We therefore are impelled to the conclusion that the verdict is against the law as laid down in these instructions, and it follows that the trial court erred in overruling the motion for a new trial. (*Wallace* v. *Weaver, supra,* and cases therein cited.)

The question whether or not the instructions given correctly state the law is not now before this court, and we therefore do not express any opinion thereon. However, since this cause must be remanded for a new trial, we direct the trial court's attention to the case of *Martin* v. *Heinze,* reported in 31 Mont. 68, 77 Pac. 427, wherein an account stated is defined.

We recommend that the judgment and order appealed from be reversed and the cause remanded to the district court of Silver Bow county for a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court of Silver Bow county, with directions to grant a new trial.

*Reversed and remanded.*