BRUNNABEND, RESPONDENT, *v.* TIBBLES, APPELLANT.

(No. 5,866.)

(Submitted April 28, 1926.   Decided May 15, 1926.)

[246 Pac. 536.]

*Automobiles—Collision—Instructions—Insufficient   Objection—
Appeal—Road Law—New Trial—Granting on Terms—Dis-
cretion—Successful Party may Recover Costs of Former and
New Trial of Cause.*

New Trial Motion may be Made Before or After Entry of Judgment—
Costs of Former Trial—What Does not Constitute Waiver.
   1.  A motion for a new trial may be made before or after entry
   of judgment, the motion not being directed against the judgment
   but against the verdict or decision on which a judgment might be
   based; hence the contention made on appeal from a judgment
   rendered on a retrial that respondent's motion should not have
   been made until after entry of judgment and that by making
   the motion before entry thereof he waived his right to costs
   incurred on the first trial in which he was successful but deemed
   the verdict in his favor inadequate, has no merit.

New Trial—Imposition of Terms—Discretion—Statute.
   2.  Section 9789, Revised Codes of 1921, though not in terms
   authorizing the district court to impose terms as a condition to
   the granting of a new trial, *held* sufficiently broad to vest that court
   with such discretionary power.

Same—When Imposition of Terms Proper, When not.
   3.  Where a motion for a new trial is made on the ground that
   the verdict is against the evidence or that the evidence is in-
   sufficient to justify it, the granting of a retrial is a matter
   of favor rather than right, and in such case the movant may be

---

3.   See 20 R. C. L. 314.

[76 Mont. 288.]

charged with the costs of the first trial if the necessity for a new trial arose through some fault of his; but where the verdict is so clearly against the weight of the evidence as to create the presumption of mistake or improper motives of the jury, the court has no discretion and the motion should be granted without imposing costs, whether the motion be made by the losing party or by one who asserts inadequacy of damages awarded.

Costs—Successful Litigant Entitled to All Costs Whether Incurred in One or More Trials of Cause.

4. Under section 9789, above, a successful litigant may recover all costs from his adversary, whether incurred in one or more trials of the cause; therefore, where plaintiff, though successful on the first trial secured a retrial on the ground of inadequacy of the verdict and had judgment, the court properly awarded him costs incident to both trials.

Costs—Statute—Strict Construction Against Party Claiming Costs.

5. Costs *eo nomine* were not recoverable under the common law and may be recovered only when specifically provided for by statute, which must be strictly followed and as strictly construed against the party asserting its applicability to his case.

Automobiles—Collisions—Instruction Held not Open to Objection That It Assumed Fact in Issue as Established.

6. In an action to recover damages to plaintiff's automobile caused by collision with that of defendant, an instruction that a person driving an automobile who sees a car approaching on the wrong side of the road has the right to assume that the latter will move to the right so as to pass without interference, *held*, the mere statement of an abstract proposition of law, and not open to the objection that it assumed as an established fact that defendant's car was on the wrong side of the road.

Instructions—Insufficient Objection.

7. An objection to an instruction that it was an incorrect statement of the law and would have a tendency to mislead the jury *held* insufficient to entitle the alleged error to review, under section 9349, Revised Codes of 1921, which requires the objector to point out wherein the proposed instruction is objectionable.

Same—Objection not Raised in Trial Court Not Reviewable on Appeal.

8. Under section 9349, above, the supreme court is prohibited from considering on appeal any objection not raised in the trial court.

Automobiles—Collision—Instruction Invading Province of Jury—Proper Refusal.

9. Where the evidence in an action for damages sustained in an automobile collision was sharply conflicting as to the exact place and the proximate cause of the accident, such questions were for the jury to determine; hence an offered instruction

---

4. See 7 **R. C. L.** 804.
5. See 7 **R. C. L.** 781.
6. See 2 **R. C. L.** 1185; 14 **R. C. L.** 740.
7. See 2 **R. C. L.** 94.
8. See 2 **R. C. L.** 69.
9. See 14 **R. C. L.** 800.

opening with the phrase, "Inasmuch as the collision occurred on defendant's side of the road," *etc.*, if given, would have invaded the province of the jury and was therefore properly refused.

---

[1] Costs, 15 C. J., sec. 215, p. 106, n. 76 New; New Trial, 29 Cyc., p. 721, n. 3; p. 727, n. 60, 64.

[2, 3] New Trial, 29 Cyc., p. 818, n. 30; p. 820, n. 35; p. 830, n. 49; p. 1008, n. 48; p. 1009, n. 54; p. 1013, n. 63; p. 1014, n. 69; p. 1016, n. 90, 92, 94; p. 1018, n. 2.

[4, 5] Costs, 15 C. J., sec. 3, p. 21, n. 24, 26; sec. 9, p. 25, n. 57; sec. 10, p. 25, n. 59; sec. 248, p. 114, n. 88; sec. 728, p. 297, n. 55 New.

[6] Trial, 38 Cyc., p. 1663, n. 27.

[7] Trial, 38 Cyc., p. 1806, n. 73.

[8] Appeal and Error, 3 C. J., sec. 636, p. 742, n. 3.

[9] Motor Vehicles, 28 Cyc., p. 48, n. 39; Trial, 38 Cyc., p. 1516, n. 57; p. 1657, n. 53.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

ACTION by Charles Brunnabend against William Tibbles. Judgment for plaintiff. Defendant appeals. Affirmed.

*Messrs. Loud & Leavitt,* for Appellant, submitted a brief; *Mr. Chas. H. Loud,* argued the cause orally.

The rule announced by this court is that the granting of a new trial because of the insufficiency of the evidence to sustain the verdict is within the sound legal discretion of the court. (*Walsh* v. *Conrad,* 35 Mont. 68, 88 Pac. 655; *Ettien* v. *Drum,* 35 Mont. 81, 88 Pac. 659.) Plaintiff's motion having been based upon the insufficiency of the evidence, it is apparent that he was not entitled to a new trial as a matter of right, but that the granting of the new trial in this instance was in the nature of a favor to him. In such case, the weight of authority appears to be that the trial court should have required the plaintiff to pay the costs of the former trial, and in many states it is error to grant a new trial on the ground that the verdict is against the weight of evidence, except upon the payment of costs. (29 Cyc. 1017; 14 Ency. Pl. and Pr. 944; *Wolfgram* v. *Town of Schoepke,* 123 Wis. 19, 3 Ann. Cas. 398, 100 N. W. 1054.)

[76 Mont. 288.]

It is the settled rule of procedure in California that it is within the discretion of the court to make the payment of costs a condition upon which it will grant a new trial. (*Brooks* v. *San Francisco & N. P. Ry. Co.*, 110 Cal. 173, 42 Pac. 570; see, also, *Godfrey* v. *Godfrey*, 127 Wis. 47, 106 N. W. 814; *Becker* v. *Holm*, 100 Wis. 281, 75 N. W. 999; *Corbett* v. *Great Northern Railway Co.*, 28 N. D. 136, 148 N. W. 4.) The plaintiff, having made his election to file a motion to set aside the verdict of the jury and to ask for a new trial upon the insufficiency of the evidence without procuring the final judgment to be entered in the action, is bound by his election and, viewing this situation in the light most favorable to the plaintiff, his action would constitute a waiver of the payment of costs. It is our contention that even if a judgment had been entered upon the verdict rendered in the first trial, the granting of the motion for a new trial, in legal effect, would set aside the verdict of the jury and the judgment of the court as well. (16 Am. & Eng. Ency. of Law, 674; *Scott* v. *Waggoner*, 48 Mont. 536, 139 Pac. 454; *Gross* v. *Wood*, 117 Md. 362, Ann. Cas. 1914A, 30, 83 Atl. 337; *Kilpatrick* v. *Grand Trunk Ry. Co.*, 74 Vt. 288, 93 Am. St. Rep. 887, 52 Atl. 531; *Wittanbrock* v. *Bellmer*, 62 Cal. 558.)

Under the circumstances of this case and the law of the road as declared by our statute, the defendant owed to the plaintiff the duty of "turning seasonably to the right of the center of the highway so as to pass without interference," but there was no duty resting upon him to turn out until he knew, or, acting with reasonable care, should have known, that someone was approaching; in other words, the plaintiff had the right to use any of the traveled portion of the highway except at meeting points. (*Riepe* v. *Elting*, 89 Iowa, 82, 48 Am. St. Rep. 356, 26 L. R. A. 769, 56 N. W. 285; *Cook* v. *Fogarty*, 103 Iowa, 500, 72 N. W. 677; *Dunham* v. *Rackliff*, 71 Me. 345, *Daniels* v. *Clegg*, 28 Mich. 32; *Brooks* v. *Hart*, 14 N. H. 307; *Beckerle* v. *Weiman*, 12 Mo. App. 354; *Pluckwell* v. *Wilson*, 5 Car. & P. 375; *Smith* v. *Gardener*, 11 Gray (Mass.), 418;

*Parker* v. *Adams,* 12 Met. (Mass.) 415; 2 R. C. L., secs. 29, 1194.)

We are by no means willing to admit that the defendant was in anywise negligent in the operation of his automobile but assuming that he was and that his negligence created an emergency nevertheless, this negligence would not create any liability unless it was the proximate cause of the accident. (*Chicago & A. Ry. Co.* v. *Randolph,* 53 Ill. 510, 5 Am. Rep. 60; *Chretien* v. *New Orleans Ry. Co.,* 113 La. 761, 104 Am. St. Rep. 519, 37 South. 716; *Tozier* v. *Haverhill A. St. Ry. Co.,* 187 Mass. 179, 72 N. E. 953; *Needy* v. *Littlejohn,* 137 Iowa, 704, 115 N. W. 483; *Carpenter* v. *Campbell Automobile Co.,* 159 Iowa, 52, 140 N. W. 225; *Stohlman* v. *Martin,* 28 Cal. App. 338, 152 Pac. 319; *McFern* v. *Gardner,* 121 Mo. App. 1, 97 S. W. 972; *Savage* v. *Boyce,* 53 Mont. 470, 163 Pac. 887.)

This court in four comparatively recent cases, all of which were personal injury actions in which the question of negligence and contributory negligence in the operation of automobiles were involved, held that the issues of negligence and contributory negligence must be decided by the jury under appropriate instructions. (*McGinnis* v. *Phillips,* 62 Mont. 223, 205 Pac. 215; *Puckett* v. *Sherman and Reed,* 62 Mont. 395, 205 Pac. 250; *Green* v. *Bohm,* 65 Mont. 399, 211 Pac. 320; *Haney* v. *Mutual Creamery Co.,* 67 Mont. 278, 215 Pac. 656.)

We have failed to find a single authority which sustains the correctness of the court's instruction No. 5, to the effect that "when a person is in imminent danger he is not called upon to exercise that intelligence and judgment he would be expected to exercise were he not in danger. So if a party in imminent danger has two ways open to him but has not the time to stop and investigate and determine which is the right way or safe way, and which the wrong or unsafe way, and choose the latter, it is not, under the circumstances, negligence on his part. So if you find from the evidence in this case that the plaintiff found himself in imminent danger or had reasonable ground to believe that he was in such danger, and had not time

to stop and consider and determine the better course to pursue, then you are instructed that his choosing to turn one way instead of the other in such emergency was not negligence on his part, even though in so doing, he may have not pursued the safest course." The instruction in effect was equivalent to a direction of a verdict for the plaintiff, for it withdrew entirely from the consideration of the jury the question of negligence and contributory negligence.

The test of the conduct of one put in a sudden emergency by the negligence of the defendant is that of a person of ordinary prudence confronted with the same circumstances; therefore, if his conduct bears this test he is not guilty of contributory negligence for mistaking the way of escape from the emergency. (*Lemay* v. *Springfield Street Ry. Co.,* 210 Mass. 63, 37 L. R. A. (n. s.) 43, and case note, 96 N. E. 79; 20 R. C. L. 136; *Burger* v. *Omaha, etc. St. Ry. Co.,* 139 Iowa, 645, 130 Am. St. Rep. 343, 117 N. W. 35; *Lincoln Rapid Transit Co.* v. *Nichols,* 37 Neb. 332, 20 L. R. A. 853, 55 N. W. 872; *Pennsylvania Ry. Co.* v. *Snyder,* 55 Ohio St. 342, 60 Am. St. Rep. 700, 45 N. E. 559.)

*Mr. George H. Farr,* for Respondent, submitted a brief, and argued the cause orally.

We submit, that there was not any error in the denial of the plaintiff's motion to retax costs, and in allowing to the plaintiff the costs upon the first trial. (See *Swallow* v. *First State Bank,* 35 N. D. 323, 160 N. W. 137; *Gray* v. *Gray,* 11 Cal. 341; *Stoddard* v. *Treadwell,* 29 Cal. 281; *Senior* v. *Anderson,* 130 Cal. 290, 62 Pac. 563; *Huellmantel* v. *Huellmantel* 124 Cal. 583, 57 Pac. 582; *Shreve* v. *Chesseman,* 69 Fed. 785, 16 C. C. A. 413; *Jacobs* v. *City of Seattle,* 100 Wash. 524, L. R. A. 1918E, 131, 171 Pac. 662; 11 Cyc. 251.)

The rule that "a person driving an automobile along a public highway who sees a car approaching on the wrong side of the road, has a right to assume that the driver of the other car will observe the law of the road and seasonably move over to

its right side so as to pass without interference, and he may proceed on this assumption until he sees, or in the circumstances ought to see, that it is unwarranted, as announced in the court's instruction No. 4 is well settled. (*Hatch* v. *Daniels,* 96 Vt. 89, 117 Atl. 105, 29 Corpus Juris, p. 651.)

A driver disregarding the rules of the road is bound to exercise greater care to avoid accident than is normally required of one proceeding on the right side. (2 R. C. L., sec. 29, p. 1194.) And where one uses the left-hand side, his rights are inferior to those of travelers proceeding in the opposite direction. (*Hiscock* v. *Phinney,* 81 Wash. 117, Ann. Cas. 1916E, 1044, 142 Pac. 461.) We contend that instruction No. 5 quoted in appellant's brief above, correctly states the law. Practically this same instruction was approved by the supreme court of California in *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318, 147 Pac. 90.

We think it to be the general rule that when one is confronted with a sudden peril he is not held to the exercise of the same degree of care as when he has time for reflection. (*Gren* v. *Bohm,* 65 Mont. 399, 211 Pac. 320; *Hatch* v. *Daniels, supra; Potter* v. *Back Country Transp. Co.,* 33 Cal. App. 24, 164 Pac. 342; *Mapes* v. *Boersma,* 216 Mich. 106, 184 N. W. 495; *Kelley* v. *Keller,* 211 Mich. 404, 179 N. W. 237.)

Defendant's offered instruction that "the plaintiff would be *prima facie* at fault turning to the left instead of to the right," was erroneous. We submit that such is not the law as will be seen by the cases cited in 24 American Law Reports, annotated at page 1308. A traveler is not necessarily guilty of negligence, or of contributory negligence, because he turns to the left in violation of the law of the road in an attempt to avoid another vehicle approaching from the opposite direction on the wrong side, with which a collision is threatened. One compelled to turn to the left in order to avoid a collision, because of another's violation of the law of the road, is not negligent. (29 Corpus Juris, p. 654; *Green* v. *Bohm, supra.*)

[76 Mont. 288.]

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought to recover damages for the destruction of plaintiff's automobile in a collision with defendant's car. The complaint alleged that the plaintiff was driving with due care and caution on his own side of the road in conformity with the rules of the road and that the collision was directly caused by defendant's negligence in recklessly driving on the wrong side of the road and failing to turn to the right as the two cars approached one another; that the value of plaintiff's car was $600. The answer denied the allegations of the complaint and affirmatively alleged negligence on the part of the plaintiff, resulting in damage to defendant's car in the sum of $100, which affirmative allegations were denied by reply.

The case was first tried on September 1, 1924, which trial resulted in a verdict in plaintiff's favor in the sum of $100. Plaintiff thereupon filed and served a memorandum of costs and then, without causing judgment to be entered on the verdict, moved the court to set aside the verdict and grant him a new trial on the ground of the insufficiency of the evidence to justify the verdict, and that the verdict was against law. The motion was granted. On the new trial plaintiff secured a verdict for $380, on which judgment was duly entered, and plaintiff thereupon served and filed his memorandum of costs and included therein the items of cost incurred on the first trial. Thereafter defendant moved the court to "retax" the costs by striking from the cost bill all items of cost incurred on the first trial. This motion was denied.

The defendant has appealed from the judgment but has assigned error only on the court's action in denying his motion for the taxation of costs; on the giving of two certain instructions, and the refusal of an offered instruction. The evidence, in so far as its consideration is necessary to a determination of the question raised, will be set out later.

The first assignment raises several novel questions not heretofore presented to this court.

1. It is first suggested by counsel for defendant that plain-
[1]  tiff's motion for a new trial should not have been made
until after the entry of judgment and that, by moving for a
new trial without having judgment entered, he waived his right
to costs incurred on the first trial.

"A new trial is a re-examination of an issue of fact in the
same court after a trial and decision by a jury or court, or
by referees." (Sec. 9395, Rev. Codes, 1921.) A motion for a
new trial is not directed against the judgment but against the
verdict or decision on which a judgment might be based. Sec-
tion 9397, giving the right to move for a new trial, does not
refer to the judgment, but provides merely that "the former
verdict or other decision may be vacated and a new trial
granted, on application of the party aggrieved," *etc.* At com-
mon law no judgment was entered in a cause until after any
motion for a new trial was disposed of, and, in most jurisdic-
tions, including those having statutes identical with or similar
to our section 9397, above, the motion may be made as well
before as after the entry of judgment (29 Cyc. 727; *Spanigel*
v. *Dellinger,* 34 Cal. 476; *Outcault* v. *Johnston,* 9 Colo. App.
519, 49 Pac. 1058; *Fisher* v. *Emerson,* 15 Utah, 517, 50 Pac.
619; *Deering* v. *Johnson,* 33 Minn. 97, 22 N. W. 174; *Tracy* v.
*Altmeyer,* 46 N. Y. 598), while in some jurisdictions it has
been held that, where judgment has been entered, it is neces-
sary to vacate the judgment before moving for a new trial.
(*Cook* v. *United States,* 1 Greene (Iowa), 56; *Merchants' Bank*
v. *Scott,* 59 Barb. (N. Y.) 641; *Smith* v. *Thornburgh,* 7 Ind.
144.) It would seem, therefore, that plaintiff followed an ap-
proved course of procedure which is, at least, not prohibited
by our statute, and consequently should not lose any right
otherwise available to him.

2. It is next contended that, as plaintiff had a verdict in his
[2, 3]  favor set aside, he was not entitled to a new trial as a
matter of right, but that it was accorded him as a favor and,
therefore, he should have been required to pay the costs of
the first trial as a condition precedent to the granting of the
motion.

[76 Mont. 288.]

We have no statute directly authorizing a trial court to impose terms as a condition to the granting of a new trial; but in other jurisdictions having similar statutory provisions regarding costs, it is held that, in proper cases, statutes identical with our section 9789 (hereinafter quoted in part) are sufficiently broad to vest that discretionary power in the trial court. (*Brooks* v. *San Francisco Ry. Co.,* 110 Cal. 173, 42 Pac. 570; *Wolfe* v. *Ridley,* 17 Idaho, 173, 104 Pac. 1014.) We are of the opinion that these decisions are based on sound reason and, therefore, hold that under the provisions of section 9789 a trial court has such discretionary power in proper cases.

Generally, the determination as to whether the court will grant or refuse a new trial lies within the sound legal discretion of the trial court (*Kinna* v. *Horn,* 1 Mont. 597; *Caruthers* v. *Pemberton,* 1 Mont. 111; *Higley* v. *Gilmer,* 3 Mont. 90; *Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33; *White* v. *Barling,* 36 Mont. 413, 93 Pac. 248), and where the motion is made on the ground that the verdict is against the evidence or the insufficiency of the evidence to justify the verdict or other decision, the granting of a new trial is held to be a matter of favor rather than right (*Jackson* v. *Thurston,* 3 Cow. (N. Y.) 342; see, also, *Walsh* v. *Conrad,* 35 Mont. 68, 88 Pac. 655; *Ettien* v. *Drum,* 35 Mont. 81, 88 Pac. 659); in such cases "the true rule is to charge the party obtaining the favor with the costs of such proceedings as are vacated for that purpose." (*Ellsworth* v. *Gooding,* 8 How. Pr. (N. Y.) 1; *Wolfgram* v. *Town of Schoepke,* 123 Wis. 19, 3 Ann. Cas. 398, 100 N. W. 1054; *Corbett* v. *Great Northern Ry. Co.,* 28 N. D. 136, 148 N. W. 4; 3 Am. & Eng. Ann. Cas., p. 398.)

However, the question of imposing terms, in cases wherein the trial court has discretion, is also one of discretion and should be governed by the circumstances of the case; generally, terms, such as the payment of costs, are imposed only when the necessity for a new trial arose through some fault on the part of the moving party, or where the motion is made on the ground of newly discovered evidence (14 Ency. Pl. & Pr., p. 944); and

such imposition is entirely illogical where justice demands that a verdict be set aside for a mistake made by the jury for which the moving party is in nowise responsible. (*Rothenberg* v. *Brooklyn Heights Ry. Co.*, 135 App. Div. 151, 119 N. Y. Supp. 1001.)

Again, where the moving party is entitled to a new trial as a matter of right, the court has no discretion (14 Ency. Pl. & Pr., p. 930), and "where the verdict is perverse, that is, so clearly against the weight of the evidence, or contrary to the evidence, as to create a presumption of mistake or improper motives of the jury, a new trial should be granted without imposing costs." (*Corbett* v. *Great Northern Ry. Co.*, above; see, also, *Pierson* v. *Thompson*, 4 Kan. App. 173, 45 Pac. 944; *Connor* v. *Goodwillie*, 120 Wis. 603, 98 N. W. 528.) Such a verdict is, in law, a verdict resulting from passion and prejudice, and whether this is so or not is determined solely from an examination of the evidence and reference to the amount of the verdict. (*Harrison* v. *Sutter*, 116 Cal. 156, 47 Pac. 1019.)

While the question of costs in such a case has not been considered by this court, we have held that a verdict rendered in arbitrary or capricious disregard of unimpeached testimony, is one against law entitling the unsuccessful party to a new trial (*Harwood* v. *Scott*, 65 Mont. 521, 211 Pac. 316), and a verdict contrary to the undisputed evidence should be promptly set aside. (*Silver Bow M. & M. Co.* v. *Lowry*, 6 Mont. 288, 12 Pac. 652.)

The cases heretofore cited deal with verdicts against the party moving for a new trial, but the same rules apply to verdict for inadequate damages, where there is a legal measure of damages (*Watson* v. *Harmon*, 85 Mo. 443; *Tauton Mfg. Co.* v. *Smith*, 9 Pick. (Mass.) 11; *Chambers* v. *Collier*, 4 Ga. 193; *Bacot* v. *Keith*, 2 Bay (S. C.), 466; *Potter* v. *Swindle*, 77 Ga. 419, 3 S. E. 94), or where the verdict is for less than the sum admitted to be due, either in pleading or testimony (*Coffman* v. *Brown*, 7 Colo. 147, 2 Pac. 905; *State* v. *Wilson*, 90 Ind. 114; *Williams* v. *Reynolds*, 86 Ill. 263), or where the verdict is for

less than the amount proved. (*Hallberg* v. *Brosseau,* 64 Ill. App. 520; *Ziegler* v. *Osborn,* 23 Kan. 464.) And in this state the question of the right of a plaintiff to a new trial on the ground of the inadequacy of the award made by the jury, was considered in *Flaherty* v. *Butte Electric Ry. Co.,* 42 Mont. 89, 111 Pac. 384, wherein, after citing the section on new trials found in the Code of Civil Procedure, Mr. Justice Holloway, speaking for the court, said: "Let us assume that there is not any conflict whatever in the evidence as to the amount which the plaintiff in a given case is entitled to recover, if he is entitled to recover at all, and the only conflict arises upon his right to recover. If then the jury in such a case decides in favor of his right to recover, but returns a verdict for an amount less than the uncontradicted evidence shows he is entitled to receive, may he then have a new trial upon the ground that the evidence is insufficient to sustain the verdict? In *Landsman* v. *Thompson,* 9 Mont. 182, 22 Pac. 1148, this court answered the query in the affirmative, but gave little attention to the question of practice, apparently assuming the correctness of the position." The learned writer of the opinion then calls attention to the difference in phraseology between section 6794 (now 9397) respecting civil actions, and section 9350 (now 12048) providing for new trials in criminal cases, and declared that there is no distinction between the two provisions and that "a verdict which is clearly against the evidence may be set aside upon the ground that the evidence is insufficient to support it."

In the case at bar the evidence adduced on the first trial is not before us, but, in its order denying the motion for the taxation of costs, the trial court said: "The evidence, as we recall it, was such that the plaintiff ought to have been entitled to at least $375, or the defendant approximately $100. The jury, however, brought in a verdict of $100. We fail to appreciate then, in what way the plaintiff was responsible." We assume the correctness of this statement. Such being the condition of the record, the verdict was clearly "against law" and the plaintiff was entitled to a new trial as a matter of right

and not of favor; it therefore follows that the trial court had no discretion to grant or deny the motion and, consequently, no authority to impose upon plaintiff the payment of costs of the first trial as a condition precedent to the granting of the motion.

3. Defendant next asserts that there is no statute under [4, 5] which plaintiff is entitled to recover the costs of the first trial, and that in the absence of statutory authority they cannot be recovered of him. If this be true, it is equally true that the prevailing party on a new trial is not entitled to recover the costs of the first trial, no matter which party applied for a new trial nor under what circumstances or on what grounds the new trial was granted, for the only provisions found in our statutes applicable to the case at bar, are as follows:

Section 9787, Revised Codes, 1921: "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: * * * 6. In an action for the recovery of money or damages, exclusive of interest, when the plaintiff recovers over·fifty dollars" *etc.*

Section 9788: "Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the action mentioned in the next preceding section" *etc.*

Section 9789: "In other actions than those above mentioned, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court" *etc.*

If the provisions of these sections are taken literally, it would seem that no provision was made by the legislature for the recovery of costs except on the trial in which judgment is finally rendered and that that body did not contemplate that in any lawsuit there would be more than one trial in the district court.

Costs *eo nomine* were not allowed at common law (*State* v. *Stone*, 40 Mont. 88, 105 Pac. 89; *Butte Northern Copper Co.* v. *Radmilovich*, 39 Mont. 157, 101 Pac. 1078, and are recoverable only when specifically provided for by statute (*Jones* v. *Great Northern Ry. Co.*, 68 Mont. 231, 37 A. L. R. 754, 217 Pac. 573;

*Colusa M. & S. Co.* v. *Barnard,* 28 Mont. 11, 72 Pac. 45; *Spencer* v. *Mungus,* 28 Mont. 357, 72 Pac. 663); the statutes providing therefor must be strictly followed (*First Nat. Bank* v. *Larsen,* 72 Mont. 400, 233 Pac. 860), and strictly construed against the party asserting their applicability to his case. (*State ex rel. Riddell* v. *District Court,* 33 Mont. 529, 85 Pac. 367; *State* v. *Stone,* above; *Colusa M. & S. Co.* v. *Barnard,* above; *Jones* v. *Great Northern Ry. Co.,* above.)

It is clear that, on the first trial, had plaintiff been satisfied with the verdict rendered and had judgment entered thereon, he would have been entitled to his costs under section 9787 above. No case has been called to our attention, nor have we been able to find one in this or in any other jurisdiction wherein the party ultimately successful has been deprived of his costs on a first trial wherein the judgment and verdict were set aside on motion of the defeated party, on the ground that such statutory provisions as ours do not provide for the recovery of such costs, and, in such cases, we are of the opinion that the provisions of section 9787 are sufficient to entitle such successful party to recover all of his costs of the action, whether incurred in one or more trials wherein he was not at fault in incurring the additional costs. Such costs are held to be covered by a like provision of the California Code. (*Senior* v. *Anderson,* 130 Cal. 290, 62 Pac. 563.)

What, then, is the situation of a plaintiff who has, it is true, secured a verdict in his favor, but in such an amount as not to compensate him for the damages suffered and proved? Must he either accept the inadequate award merely because the jury has spoken, or, if he would seek a just verdict on a new trial, suffer the loss of the amount he has expended in costs on the first trial, which might, conceivably, equal or exceed the difference between the unjust verdict and a just one? We think not.

One who has suffered an injury at the hands of another, is entitled to be made whole in an action between them, in so far as it is within the power of the court to do so. It is true that, aside from the actual damages suffered, his recovery must be authorized by statute, and in any event such a person will

be the loser by the amount of his attorney's fees, for our statutes (except in certain cases) do not authorize their recovery; but as to the costs we are of the opinion that the statutory provisions above quoted are sufficient to warrant the recovery of all costs to which such successful party has been put. A plaintiff, under such circumstances, is as much "the party aggrieved" as is a defendant against whom an unjust verdict has been rendered "against the law," and is entitled to be placed in the same position as a wholly unsuccessful party. When ultimately successful in securing a just verdict the successful party is entitled to recover from the unsuccessful adversary all just costs of suit, whether incurred in the first or the second trial. (*Den ex dem. Johnson* v. *Morris,* 8 N. J. L. 213; *Gray* v. *Gray,* 11 Cal. 341; *Stoddard* v. *Treadwell,* 29 Cal. 281; 11 Cyc. 251.)

It is true that a plaintiff might secure a new trial on the ground that the verdict, on its face, was against the law in this particular, where as a matter of fact, known to the plaintiff but not to the court, the verdict awarded plaintiff all he was entitled to if all of the facts were known; on a new trial the facts might be fully brought out and a verdict rendered for no more than was awarded the plaintiff on the first trial; under such circumstances it would be unjust to require the losing party to pay the costs of both trials.

In our opinion, if section 9789, above, is broad enough to grant discretion to the trial court to impose the payment of costs as a condition precedent to the granting of a new trial, as above pointed out, and we hold that it is, it is also broad enough to grant such discretion to the trial court in an instance such as this, which does not strictly fall within the provisions of section 9787, and, on a second trial, in the exercise of such discretion, the trial court could properly refuse to grant the plaintiff the costs of the first trial. Such is practically the holding of the supreme court of Washington when it said: "Whether the costs of a prior trial are to be taxed in favor of the prevailing party on a final determination of the cause, de-

pends upon the circumstances of the case." (*Young* v. *Travelers' Ins. Co.*, 125 Wash. 118, 215 Pac. 383.)

4. Plaintiff's second assignment is that the court erred in [6] giving the following instruction to the jury: "You are instructed that a person driving an automobile along a public highway who sees a car approaching on the wrong side of the road, has the right to assume that the driver of the other car will observe the law of the road and seasonably move over to its right so as to pass without interference, and he may proceed on this assumption until he sees, or in circumstances ought to see, that it is unwarranted." To this instruction, when offered by the plaintiff, defendant objected on the ground that "it is an incorrect statement of the law in that it assumes as an established fact that the defendant's car was on the wrong side of the road."

The instruction is merely an abstract statement of the law applicable to such a situation, without reference to the parties to the action; no jury would be misled into the belief that the court was, by such an instruction, advising it that the defendant's car was on the wrong side of the road, and therefore the instruction is not open to the objection made to it at the time of the settlement of the instructions.

5. Defendant next predicates error upon the court's action [7] in giving an instruction as to the duty of a person finding himself in a position of imminent danger, but the only objection made to the instruction at the time it was offered, is that "it is an incorrect statement of the law and not applicable to the facts and circumstances in this case and would have a tendency to mislead the jury."

As the instruction was clearly "applicable to the facts and circumstances in this case" the objection amounts only to an assertion that the instruction "is an incorrect statement of the law" and "would have a tendency to mislead the jury," neither of which phrases meets the requirements of section 9349 of the Revised Codes of 1921, requiring the objector to specifically point out wherein the proposed instruction is objectionable.

Other grounds of objection were urged in defendant's brief [8] and in oral argument, but we are specifically prohibited by the provisions of the above section from considering any objection not raised in the trial court. (*Stokes* v. *Long,* 52 Mont. 470, 159 Pac. 28; *Lundquist* v. *Jennison,* 66 Mont. 516, 214 Pac. 67; *Schumacher* v. *Murray Hospital,* 58 Mont. 447, 193 Pac. 397; *State* v. *Dougherty,* 71 Mont. 265, 229 Pac. 735.)

6. Defendant's last specification of error is based upon the [9] court's refusal to give an offered instruction, which opened with the phrase, "Inasmuch as the collision occurred on defendant's side of the road," *etc.* Unless it was an admitted fact that such was the case, the instruction was properly refused as an invasion of the province of the jury.

In this regard the testimony was, briefly summarized, as follows: The plaintiff testified that he was on his own, or the right, side of the road and that the defendant was approaching on the wrong side of the road; that he kept to the right until it became apparent to him that the defendant was not going to turn to the right and then, as there was no room to go to the right of defendant in an attempt to avoid the collision, he turned sharply to the left, when he was struck; that, after the collision, defendant's car was in the center of the road; while the occupants of defendant's car testified that defendant was driving in the center of the road and, as plaintiff approached, he turned to the right and drove into the ditch on that side of the road and was there struck by the plaintiff's car, other witnesses testified to marks and tracks in the road made by the two cars.

Counsel for defendant assert that "the physical facts demonstrate for a certainty that these cars could not have struck in the places where all the witness say they struck, except that they were traveling in "a diagonal course across the road." This assertion is controverted by counsel for plaintiff. The jury viewed the premises as well as saw the witnesses on the stand, and, evidently, took plaintiff's version of the occurrence.

It is patent, therefore, that the evidence was sharply conflicting and confusing, both as to the exact place and the

proximate cause of the collision, which questions were for the determination of the jury; hence the offered instruction, if given, would have invaded the province of the jury, and no error was committed in its refusal.

No substantial error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.